■ LUIGI Izzo et al., Appellants, v AEW CAPITAL MANAGEMENT, Defendant, ESTERIDGE PROPERTIES CORP., Respondent, and STARWOOD HOTELS & RESORTS, Defendant and Third-Party Plaintiff-Respondent. HUDSON SHATZ PTG. Co., INC., et al., Third-Party Defendants-Respondents. [733 NYS2d 201] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered October 19, 2000, which denied their motion for summary judgment on the issue of liability on the cause of action predicated upon Labor Law § 240 (1) insofar as asserted against the defendants Esteridge Properties Corp. and Starwood Hotels & Resorts.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion is granted.

The Supreme Court improperly denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action predicated upon Labor Law § 240 (1) insofar as asserted against the defendants Esteridge Properties Corp. and Starwood Hotels & Resorts (hereinafter the defendants). Since the injured plaintiff demonstrated that he fell from an improperly-placed ladder, he established a prima facie violation of Labor Law § 240 (1) (*see, Martinsen v County of Nassau,* 249 AD2d 519; *Skalko v Marshall's Inc.,* 229 AD2d 569; *Whalen v Sciame Constr. Co.,* 198 AD2d 501). The defendants did not oppose the motion, and the third-party defendants did not raise a triable issue of fact in opposition. Even if the injured plaintiff's act of stretching from the ladder constituted a misuse of the ladder, the misuse was caused by the improper placement of the ladder. Since the improper placement of the ladder was the proximate cause of the plaintiff's injuries, the plaintiffs' motion for summary judgment should have been granted (*see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513). Santucci, J. P., S. Miller, Luciano and Smith, JJ., concur.