◼ Cyril Peter et al., Respondents, v Nisseli Realty Co. et al., Defendants, and ANI Entertainment, Inc., Appellant. [750 NYS2d 772] —In an action to recover damages for personal injuries, etc., the defendant ANI Entertainment, Inc., appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated November 28, 2001, which granted the plaintiffs' motion for summary judgment against it on the issue of liability on their Labor Law § 240 (1) cause of action.

Ordered that the order is affirmed, with costs.

In support of their motion for summary judgment against the defendant ANI Entertainment, Inc. (hereinafter ANI), on

the issue of liability on their Labor Law § 240 (1) cause of action, the plaintiffs demonstrated a prima facie entitlement to judgment as a matter of law by offering evidence that a ladder upon which the plaintiff Cyril Peter was standing while performing renovation/construction work slid out from under him, causing him to fall to the ground (*see Klein v City of New York,* 89 NY2d 833, 835; *Johnson v Rapisarda,* 262 AD2d 365; *Kinsler v Lu-Four Assoc.,* 215 AD2d 631, 632; *Madden v Trustees of Duryea Presbyt. Church,* 210 AD2d 382). In opposition to this prima facie demonstration, ANI failed to raise a triable issue of fact either that the injured plaintiff was a recalcitrant worker or that his own conduct was the sole proximate cause of his injuries (*see Klein v City of New York, supra; Gordon v Eastern Ry. Supply,* 82 NY2d 555, 563; *Bland v Manocherian,* 66 NY2d 452, 460; *Izzo v AEW Capital Mgt.,* 288 AD2d 268, 269; *Madden v Trustees of Duryea Presbyt. Church, supra*). Thus, the Supreme Court properly granted the plaintiffs' motion. Florio, J.P., Krausman, Townes and Crane, JJ., concur.