SECOND DEPARTMENT, FEBRUARY, 2004

(February 2, 2004)

■ HENRY ARANDA, Appellant, v PARK EAST CONSTRUCTION, Respondent, et al., Defendants. [772 NYS2d 70]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated January 8, 2003, as granted the motion of the defendant Park East Construction for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendant Park East Construction which were for summary judgment dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6) and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff allegedly was injured when he fell off the roof of

a single-story building while performing asbestos removal at an elementary school renovation project for the Half Hollow Hills School District (hereinafter the School District). At the time of his injury, the plaintiff was an employee of the defendant EBH Enterprises, Inc. The defendant Boyle Services, Inc., was the prime contractor hired directly by the School District to perform asbestos abatement. The defendant Park East Construction (hereinafter Park East) was the construction manager hired directly by the School District to coordinate the renovation project. The Supreme Court, inter alia, granted those branches of the motion of Park East which was for summary judgment dismissing the plaintiff's causes of actions sounding in common-law negligence and based on violation of Labor Law §§ 200, 240 (1) and § 241 (6) on the grounds, among others, that Park East was not a contractor or an agent subject to liability under the Labor Law and did not supervise or control the plaintiff or his work. We modify by reinstating the causes of action to recover damages for violations of Labor Law § 240 (1) and § 241 (6).

Liability for violations of Labor Law § 240 (1) and § 241 (6) may be imposed against contractors and owners, and those parties who have been delegated the authority to supervise and control the work such that they become statutory agents of the owners and contractors (*cf. Russin v Picciano & Son,* 54 NY2d 311, 318 [1981]). The title by which a party is known is not determinative, however, and a party with essentially the same duties as a contractor or as an agent of the owner will be held to have the responsibilities of a contractor or owner under the Labor Law (*see Kenny v Fuller Co.,* 87 AD2d 183, 189 [1982]).

Park East failed to establish its prima facie entitlement to judgment as a matter of law on the plaintiff's causes of action to recover damages for violation of Labor Law § 240 (1) and § 241 (6). The agreement between Park East and the School District gave Park East many of the powers of a general contractor. Accordingly, there is an issue of fact as to whether Park East was in fact a general contractor or agent of the owner, and thus was not entitled to summary judgment on the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) (*see Kenny v Fuller Co., supra* at 188-190).

Liability for causes of action sounding in common-law negligence and for violations of Labor Law § 200 is limited to those who exercise control or supervision over the work (*see Lombardi v Stout,* 80 NY2d 290, 295 [1992]). Park East met its initial burden on its motion for summary judgment on the plaintiff's causes of action alleging common-law negligence and to recover damages for violations of Labor Law § 200 by demon-

strating that it exercised no actual supervision or control over the plaintiff or his work. The plaintiff failed to submit any evidence that would raise a triable issue of fact in this regard. Therefore, summary judgment was correctly granted to Park East on the plaintiff's causes of action sounding in common-law negligence and violation of Labor Law § 200 (*cf. Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505-506 [1993]). Santucci, J.P., Schmidt, Adams and Crane, JJ., concur.