Dominique Natoli, Respondent, v City of New York, Respondent, and Malcolm Pirnie, Inc., Appellant. (And a Third-Party Action.) [820 NYS2d 313]—

In a consolidated action to recover damages for personal injuries, the defendant Malcolm Pirnie, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated September 24, 2003, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff's decedent was injured while working on a construction site owned by the defendant City of New York. At the time of his injury, the plaintiff's decedent was an employee of Perini Corporation, the general contractor at the construction site. The defendant Malcolm Pirnie, Inc. (hereinafter MPI), was hired by the City under a "construction management services" contract to coordinate the project. The Supreme Court denied MPI's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground, inter alia, that there was a triable issue of fact as to whether MPI was a contractor or an agent subject to liability under the Labor Law. We affirm.

Liability for violations of Labor Law § 240 (1) and § 241 (6) may be imposed against contractors and those parties who have

been delegated to supervise and control the work giving rise to the duties imposed under those statutes such that they become the statutory agents of owners (*see Russin v Louis N. Picciano & Son,* 54 NY2d 311 [1981]; *Aranda v Park E. Constr.,* 4 AD3d 315 [2004]). The title by which a party is known is not determinative, and a party with "the ability to control the activity which brought about the injury" may be vicariously liable as an owner's agent or a contractor under those provisions of the Labor Law (*Walls v Turner Constr. Co.,* 4 NY3d 861, 863 [2005]; *see Kenny v Fuller Co.,* 87 AD2d 183, 187 [1982]).

MPI failed to establish its prima facie entitlement to judgment as a matter of law on the causes of action to recover damages for violations of Labor Law § 240 (1) and § 241 (6). The agreement between MPI and the City gave MPI many of the powers of a general contractor. Accordingly, there is a triable issue of fact as to whether MPI was, in fact, a general contractor or agent of the owner, and thus, it was not entitled to summary judgment dismissing the causes of action based on violations of Labor Law § 240 (1) and § 241 (6) and all cross claims based on those causes of action insofar as asserted against it (*see Aranda v Park E. Constr., supra* at 316; *Kenny v Fuller Co., supra* at 188-190).

Liability for causes of action based on common-law negligence and a violation of Labor Law § 200 arising from the contractor's methods is limited to those who exercise control or supervision over the operation (*see Lombardi v Stout,* 80 NY2d 290, 295 [1992]). As with the causes of action based on Labor Law § 240 (1) and § 241 (6), MPI failed to establish its prima facie entitlement to judgment as a matter of law on the causes of action based on common-law negligence and Labor Law § 200 and all cross claims based on those causes of action insofar as asserted against it, as there is a triable issue of fact as to whether MPI exercised sufficient control over safety matters at the construction project to support the imposition of liability against it.

Thus, the Supreme Court properly denied MPI's cross motion for summary judgment. Schmidt, J.P., Santucci, Luciano and Mastro, JJ., concur.