■ Segundo Hilario Chimborazo, Respondent-Appellant, v WCL Associates, Inc., Defendant, and Win Depot Restaurant

EQUIPMENT & SUPPLIES Co. et al., Appellants-Respondents. [829 NYS2d 635]—

In an action to recover damages for personal injuries, (1) the defendant Win Depot Restaurant Equipment & Supplies Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated July 8, 2005, as denied that branch of its motion which was for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 240 (1) and all cross claims based on that cause of action insofar as asserted against it, (2) the defendants Winston Chiu and 42-52 Northern Blvd., LLC, separately appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 240 (1) insofar as asserted against them, and (3) the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied that branch of his cross motion which was for summary judgment on the issue of liability on his cause of action to recover damages for violation of Labor Law § 240 (1).

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant Win Depot Restaurant Equipment & Supplies Co. which was for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 240 (1) and all cross claims based on that cause of action insofar as asserted against it and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendants Winston Chiu and 42-52 Northern Blvd., LLC, which was for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 240 (1) insofar as asserted against Winston Chiu and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from,

with one bill of costs to the defendant Win Depot Restaurant Equipment & Supplies Co. payable by the plaintiff.

The plaintiff allegedly was injured when he fell from a shelving unit which he was using as a scaffold while working on a renovation/construction project. He commenced this action, inter alia, to recover damages for violation of Labor Law § 240 (1).

Liability for violation of Labor Law § 240 (1) may be imposed against contractors and owners, and those parties who have been delegated the authority to supervise and control the work such that they become statutory agents of the owners and contractors (see Aranda v Park E. Constr., 4 AD3d 315, 316 [2004]). Thus, a party with "the ability to control the activity which brought about the injury" may be vicariously liable as an owner's agent or a contractor under that provision of the Labor Law (Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; see also Natoli v City of New York, 32 AD3d 507 [2006]). Here, in support of its motion for summary judgment, the defendant Win Depot Restaurant Equipment & Supplies Co. (hereinafter Win Depot) demonstrated, prima facie, that it was not an owner or contractor on the project, and that it was not delegated the authority to supervise or control the work. In support of their cross motion for summary judgment, the defendants Winston Chiu and 42-52 Northern Blvd., LLC, also demonstrated, prima facie, that Winston Chiu was not an owner or contractor on the project, and that he was not delegated the authority to supervise or control the work. In opposition, the plaintiff failed to raise a triable issue of fact as to either of these defendants. Thus, the Supreme Court should have granted that branch of Win Depot's motion which was for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 240 (1) and all cross claims based on that cause of action insofar as asserted against it. The Supreme Court should have also granted that branch of the cross motion of Winston Chiu and 42-52 Northern Blvd., LLC, which was for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 240 (1) insofar as asserted against Winston Chiu.

However, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on his cause of action to recover damages for violation of Labor Law § 240 (1). The plaintiff prima facie demonstrated that his alleged damages arose from the failure to provide or erect safety devices necessary to give him proper protection against an elevation-related hazard within the meaning of the statute. However, triable issues of fact were

raised as to whether the plaintiff was a recalcitrant worker and whether his own conduct was the sole proximate cause of his injuries (*see Gordon v Eastern Ry. Supply,* 82 NY2d 555, 562-563 [1993]; *Marin v Levin Props., LP,* 28 AD3d 525 [2006]; *Ernest v Pleasantville Union Free School Dist.,* 28 AD3d 419 [2006]; *Jastrzebski v North Shore School Dist.,* 223 AD2d 677 [1996], *affd* 88 NY2d 946 [1996]).

The parties' remaining contentions are without merit. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.