■ NOEL DELAHAYE, Appellant-Respondent, v SAINT ANNS SCHOOL et al., Respondents-Appellants, et al., Defendant. [836 NYS2d 233]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Bunyan, J.), dated January 6, 2006, which, inter alia, denied his motion for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1) insofar as asserted against the defendants Saint Anns School, GJF Construction Corp., doing business as Builders Group, incorrectly sued herein as Builders Group (Park Row), Inc., and Builders Group, LLC, denied his cross motion for leave to amend his bill of particulars, and granted that branch of the cross motion of the defendants GJF Construction Corp., doing business as Builders Group, incorrectly sued herein as Builders Group (Park Row), Inc., and Builders Group, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them, the defendants GJF Construction Corp., doing business as Builders Group, incorrectly sued herein as Builders Group (Park Row), Inc., and Builders Group, LLC, cross-appeal from so much of the same order as denied those branches of their cross motion which were for summary judgment dismissing the cross claim of the defendant Saint Anns School for contractual indemnification insofar as asserted against them and to preclude the plaintiff from producing expert testimony, and the defendant Saint Anns School cross-appeals, as limited by its brief, from stated portions of the same order, which, inter alia, denied that branch of its cross motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 240 (1) insofar as asserted against it and granted that branch of the cross motion of the defendants GJF Construction Corp., doing business as Builders Group, incorrectly sued herein as Builders Group (Park Row), Inc., and Builders Group, LLC, which was for summary judgment dismissing its cross claim for common-law indemnification insofar as asserted against those defendants.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendants GJF Construction Corp., doing business as Builders Group, incorrectly sued herein as Builders Group (Park Row), Inc., and Builders Group, LLC, which was for summary judg-

ment dismissing the cross claim of the defendant Saint Anns School for contractual indemnification insofar as asserted against them and substituting a provision therefor granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants GJF Construction Corp., doing business as Builders Group, incorrectly sued herein as Builders Group (Park Row), Inc., and Builders Group, LLC, payable by the plaintiff and the defendant Saint Anns School.

The plaintiff allegedly was injured when he fell off a ladder while performing drywall taping work on the second floor lobby of a building under renovation which was owned by the defendant Saint Anns School (hereinafter St. Anns). He was attempting to smooth over an area surrounding a sprinkler head located close to the ceiling. The plaintiff subsequently commenced this action against St. Anns, the construction manager hired by St. Anns for the project, GJF Construction Corp., doing business as Builders Group, incorrectly sued herein as Builders Group (Park Row), Inc., and Builders Group, LLC (hereinafter collectively Builders Group), and the contractor hired to perform certain work relating to the interior, Best Choice of New York (hereinafter Best Choice). The plaintiff seeks to recover damages for his personal injuries, alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6), as well as common-law negligence. St. Anns asserted cross claims against Builders Group for common-law and contractual indemnification, and breach of contract for failure to procure insurance. The plaintiff was an employee of T.A.P. 116 Drywall and Carpentry Company (hereinafter TAP), the subcontractor hired by Best Choice to perform the drywall and taping work. Best Choice defaulted in the action.

The Supreme Court denied the plaintiff's motion for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1) insofar as asserted against St. Anns and Builders Group, and denied his cross motion for leave to amend his bill of particulars. The Supreme Court also granted those branches of the cross motion of Builders Group which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment dismissing St. Anns's cross claims for common-law indemnification and breach of contract for failure to procure insurance. However, the Supreme Court denied those branches of the cross motion of Builders Group which were for summary judgment dismissing St. Anns's cross claim for contractual indemnification and to preclude the plaintiff from producing expert testimony for fail-

ure to comply with CPLR 3101 (d). Further, the Supreme Court granted that branch of St. Anns's cross motion which was for summary judgment dismissing the Labor Law §§ 200 and 241 (6) causes of action, and the common-law negligence cause of action, insofar as asserted against it. However, since the court found the existence of triable issues of fact with respect to whether the plaintiff's own conduct was the sole proximate cause of his accident, it denied that branch of St. Anns's cross motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 240 (1) insofar as asserted against it. The court also denied that branch of St. Anns's cross motion which was for summary judgment on its cross claims against Builders Group.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1), and properly denied that branch of St. Anns's cross motion which was for summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action.

In order to prevail on a Labor Law § 240 (1) cause of action, the plaintiff must establish that the statute was violated and that the violation was a proximate cause of his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). The mere fact that a plaintiff fell from a ladder does not, in and of itself, establish that proper protection was not provided (*see Xidias v Morris Park Contr. Corp.*, 35 AD3d 850 [2006]; *Costello v Hapco Realty*, 305 AD2d 445 [2003]; *Avendano v Sazerac, Inc.*, 248 AD2d 340 [1998]). The record reveals inconsistencies as to how the accident occurred, raising a question of fact as to the credibility of the plaintiff. Thus, on this record, it cannot be concluded, as a matter of law, that St. Anns's alleged failure to provide the plaintiff with proper protection proximately caused his injuries (*see Reborchick v Broadway Mall Props., Inc.*, 10 AD3d 713, 714 [2004]; *Alava v City of New York*, 246 AD2d 614, 615 [1998]). Similarly, the inconsistencies as to how the accident occurred, as well as other inconsistencies in the record, preclude finding, as a matter of law, that the plaintiff's own conduct was the sole proximate cause of the accident (*see Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998]; *Miano v Skyline New Homes Corp.*, 37 AD3d 563 [2007]; *Chimborazo v WCL Assoc., Inc.*, 37 AD3d 394 [2007]; *cf. Montgomery v Federal Express Corp.*, 4 NY3d 805 [2005]; *Blake v Neighborhood Hous. Servs. of N.Y. City, supra* at 290). Generally, the issue of whether a particular safety device provided proper protection is a question of fact for the jury (*see Alava v*

*City of New York, supra; see also Garbacki v Hovnani at 80 N. Westchester*, 248 AD2d 434 [1998]).

The Supreme Court properly granted that branch of the cross motion of Builders Group which was for summary judgment dismissing the complaint insofar as asserted against it. "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (*Linkowski v City of New York*, 33 AD3d 971, 974-975 [2006]; *see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]; *Miano v Skyline New Homes Corp., supra; Chimborazo v WCL Assoc., Inc., supra*). To impose such liability, the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition (*see Linkowski v City of New York, supra; Damiani v Federated Dept. Stores, Inc.*, 23 AD3d 329, 331-332 [2005]). It is not a defendant's title that is determinative, but the amount of control or supervision exercised (*see generally Aranda v Park E. Constr.*, 4 AD3d 315, 316 [2004]).

In opposition to Builders Group's prima facie showing of entitlement to judgment as a matter of law, the plaintiff and St. Anns failed to raise a triable issue of fact as to whether Builders Group was a general contractor or St. Anns's statutory agent for purposes of the Labor Law (*see* Labor Law § 240 [1]; § 241 [6]; *Russin v Louis N. Picciano & Son, supra*). The record demonstrates that the role of Builders Group was only one of general supervision, which is insufficient to impose liability under Labor Law § 240 (1) and § 241 (6) (*see Linkowski v City of New York, supra; Damiani v Federated Dept. Stores, Inc., supra; Loiacono v Lehrer McGovern Bovis*, 270 AD2d 464, 465 [2000]). Paragraph 2.3.15 of the agreement between Builders Group and St. Anns specifically provided that "the Construction Manager shall not have control over or charge of and shall not be responsible for construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the Work of each of the Contractors, since these are solely the Contractor's responsibility" (*see Bateman v Walbridge Aldinger Co.*, 299 AD2d 834, 835 [2002]). In carrying out its responsibilities, Builders Group did not assume, and could not have assumed, responsibility for the work of TAP, since Builders Group was unaware that Best Choice had subcontracted the taping work to TAP. The plaintiff and TAP's supervisor both testified at their examinations before trial that the plaintiff took his instructions from TAP and no other party.

Similarly, since no evidence was submitted to demonstrate that Builders Group had any control or supervisory role over the work of the plaintiff, so as to enable it to prevent or correct any unsafe conditions, or that Builders Group provided the allegedly defective ladder or had notice of any defects, there are no triable issues of fact as to Builders Group's liability on the Labor Law § 200 and common-law negligence causes of action (*see Linkowski v City of New York, supra*; *Singh v Black Diamonds LLC*, 24 AD3d 138, 139-140 [2005]; *Loiacono v Lehrer McGovern Bovis, supra*).

Likewise, since no evidence was submitted to demonstrate that St. Anns had any control or supervisory role over the work of the plaintiff, so as to enable it to prevent or correct any unsafe conditions, or that St. Anns provided the allegedly defective ladder or had notice of any defects, there are no triable issues of fact as to St. Anns's liability under the Labor Law § 200 or the common-law negligence causes of action (*see Linkowski v City of New York, supra*; *Singh v Black Diamonds LLC, supra*; *Loiacono v Lehrer McGovern Bovis, supra*).

To obtain common-law indemnification from Builders Group, St. Anns was required to establish that Builders Group was either negligent, or supervised or controlled the plaintiff's work (*see Linkowski v City of New York, supra*; *Singh v Congregation Bais Avrohom K'Krula*, 300 AD2d 567, 569 [2002]). Since St. Anns failed to present such evidence, the Supreme Court properly granted that branch of the cross motion of Builders Group which was for summary judgment dismissing St. Anns's cross claim for common-law indemnification. However, the Supreme Court erred in denying that branch of the cross motion of Builders Group which was for summary judgment dismissing St. Anns's cross claim for contractual indemnification. The original agreement between St. Anns and Builders Group did not contain an indemnification provision, and St. Anns failed to raise a triable issue of fact as to whether Builders Group subsequently agreed to indemnify St. Anns. The only evidence offered by St. Anns in support of its claim was a conclusory assertion that there was a meeting of the minds on this issue and an unsigned indemnification agreement which had been forwarded to Builders Group after the work had commenced.

"While leave to amend a bill of particulars is ordinarily to be freely granted in the absence of prejudice and surprise, when leave to amend is sought on the eve of trial, judicial discretion should be exercised in a 'discreet, circumspect, prudent and cautious manner' " (*Fuentes v City of New York*, 3 AD3d 549,

550 [2004], quoting *Smith v Plaza Transp. Ambulance Serv.*, 243 AD2d 555 [1997]; *Kyong Hi Wohn v County of Suffolk*, 237 AD2d 412 [1997]). "Moreover, where there has been an inordinate delay in seeking leave the plaintiff must establish a reasonable excuse for the delay, and submit an affidavit to establish the merits of the proposed amendment" (*Fuentes v City of New York, supra* at 550; *see Smith v Plaza Transp. Ambulance Serv., supra*). Furthermore, leave to amend should not be granted where the proposed amendment is "patently insufficient or devoid of merit" (*Unger v Leviton*, 25 AD3d 689, 690 [2006]; *cf. Bolanowski v Trustees of Columbia Univ. in City of N.Y.*, 21 AD3d 340, 341 [2005]).

The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend his bill of particulars, which, if granted, would have been the plaintiff's third amendment of his bill of particulars. The cross motion was made after the plaintiff filed a note of issue and certificate of readiness and moved for summary judgment. The plaintiff's proffered reason for his delay is disingenuous in view of the fact that the plaintiff was in possession of the necessary information at the time he made his initial motion. In any event, the amendment was prejudicial to the defendants and lacked merit. The plaintiff sought to assert a violation of 12 NYCRR 23-5.22. However, the record revealed that the plaintiff did not use stilts for the job; hence, this particular code provision is inapplicable (*see Sasso v NYMED, Inc.*, 238 AD2d 799, 801 [1997]). Since 12 NYCRR 23-5.22 is the only code provision urged by the plaintiff as a basis for liability under Labor Law § 241 (6) on these cross motions and on his appeal, the Supreme Court also properly granted that branch of St. Anns's cross motion which was for summary judgment dismissing the plaintiff's Labor Law § 241 (6) cause of action insofar as asserted against it (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-503 [1993]).

Builders Group's remaining contention is without merit. Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.