■ PATRICK SHERIDAN et al., Appellants, v ALBION CENTRAL SCHOOL DISTRICT, Appellant, and DAVID CHRISTA CONSTRUCTION, INC., Respondent and Third-Party Plaintiff-Respondent. MICHAEL A. FERRAUILO PLUMBING HEATING, INC., Third-Party Defendant-Appellant. [838 NYS2d 296]—

Appeals from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered June 1, 2006 in a personal injury action. The order, inter alia, granted the motion of defendant and third-party plaintiff for summary judgment dismissing the Labor Law cause of action against it and for summary judgment on its contractual and common-law indemnification causes of action against third-party defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in its entirety and reinstating the Labor Law cause of action against defendant David Christa Construction, Inc. and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries sustained by Patrick Sheridan (plaintiff) when piping that he was installing struck the ladder on which he was standing, causing him to fall. Defendant Albion Central School District (Albion), the owner of the school building under construction, contracted with defendant and third-party plaintiff, David Christa Construction, Inc. (Christa), to serve as the construction manager for the project, and Albion contracted with third-party defendant, Michael A. Ferrauilo Plumbing Heating, Inc. (Ferrauilo), plaintiff's employer, to install the plumbing. Supreme Court, inter alia, granted the motion of Christa for summary judgment dismissing the Labor Law cause of action against it and for summary judgment on contractual and common-law indemnification against Ferrauilo, and denied the cross motion of Ferrauilo for summary judgment with respect to the issue of Christa's liability as a statutory agent of Albion under Labor Law § 240 (1) and § 241 (6).

We conclude that the court erred in granting that part of the motion of Christa with respect to the Labor Law cause of action against it. Thus, we modify the order accordingly. With respect to the claims under Labor Law § 240 (1) and § 241 (6), Christa failed to meet its burden of establishing as a matter of law that it did not serve as a general contractor or agent of Albion and thus is not liable under those sections. Pursuant to its agreement with Albion, Christa was responsible for overseeing the construction site, and the record establishes that Christa had full-time employees on site and conducted bi-weekly progress meetings. Christa also presented deposition testimony indicating that it had the authority to supervise the activities of the contractors and to stop unsafe work practices. Thus, by its own submissions, Christa raised a triable issue of fact whether it had the ability to control the activity that brought about the injury and thus is liable as "a general contractor or agent of the

owner" of the property (*Natoli v City of New York*, 32 AD3d 507, 508 [2006]; *see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *Barraco v First Lenox Terrace Assoc.*, 25 AD3d 427, 428 [2006]; *see generally Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]).

With respect to the Labor Law § 200 claim, the record contains the deposition testimony of Ferrauilo's foreman indicating that one of Christa's employees directed him to proceed with the piping installation work before a steel support structure was completed. We thus conclude on the record before us that there is a triable issue of fact whether Christa exercised supervisory control over the installation of the piping to render it liable under Labor Law § 200 (*see generally Lombardi v Stout*, 80 NY2d 290, 295 [1992]).

We further conclude that the court erred in granting that part of Christa's motion for summary judgment on contractual indemnification from Ferrauilo. The contractual indemnification provision in Ferrauilo's contract was conditioned upon Ferrauilo's negligence, and there is a triable issue of fact whether Ferrauilo was negligent (*see Gillmore v Duke/Fluor Daniel*, 221 AD2d 938, 939 [1995]; *Baskewicz v Rochester Gas & Elec. Corp.*, 217 AD2d 922 [1995]). Finally, with respect to common-law indemnification, the record contains a letter from Christa's attorney to the court indicating that, although the court had granted that part of Christa's motion, Christa had in fact previously withdrawn the cause of action for common-law indemnification. Thus, we further modify the order accordingly. Present—Gorski, J.P., Smith, Centra, Lunn and Fahey, JJ.