■ HIRAM RUIZ et al., Respondents, v WDF, INC., et al., Appellants. [846 NYS2d 274]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Feinman, J.), dated July 28, 2006, which granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

The plaintiff Hiram Ruiz (hereinafter the plaintiff), employed by a subcontractor on a project to upgrade the heating system in a public school, fell from an A-frame ladder while screwing clips into the wall of a classroom at a height of about 10 to 12 feet. The Supreme Court properly found that the plaintiffs made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability under Labor Law § 240 (1) with evidence that the A-frame ladder upon which the plaintiff was standing was improperly placed on a recently waxed floor at a distance of about 18 inches from the wall due to a protruding radiator (*see Klein v City of New York*, 89 NY2d 833 [1996]; *Peter v Nisseli Realty Co.*, 300 AD2d 289 [2002]; *Izzo v AEW Capital Mgt.*, 288 AD2d 268 [2001]). In opposition, the defendants failed to raise a triable issue of fact. Even if the plaintiff's leaning forward on the ladder to reach his work could be deemed a misuse of the ladder, the misuse was occasioned by its improper placement, which was a proximate cause of the

plaintiff's injuries (*see Izzo v AEW Capital Mgt.,* 288 AD2d at 269). Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.