■ LINCOLN HERNANDEZ FLOREZ, Appellant, v MICHAEL CONLON et al., Defendants, and CHRIS SCHLESINGER, et al., Respondents. [918 NYS2d 369]—

The plaintiff allegedly was injured when he fell from a ladder while engaged in asbestos removal work on a single-family home renovation project. The owner of the home contracted directly with the plaintiff's employer. The plaintiff commenced this action against, among others, the defendants Chris Schlesinger and Schlesinger Development, LLC (hereinafter together the defendants), the construction managers, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence. The Supreme Court granted that branch of the de-

fendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

The defendants established their prima facie entitlement to judgment as a matter of law by showing that they did not have the requisite supervision and control over the asbestos removal work to be considered the home owner's statutory agent with respect to that aspect of the project (*see Delahaye v Saint Anns School*, 40 AD3d 679, 683-684 [2007]; *Linkowski v City of New York*, 33 AD3d 971, 975 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Delahaye v Saint Anns School*, 40 AD3d at 683-684; *Linkowski v City of New York*, 33 AD3d at 975). Accordingly, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.