SATNAM SINGH et al., Appellants-Respondents, v CITY OF NEW YORK et al., Respondents-Appellants. [977 NYS2d 914]—

The injured plaintiff fell from a ladder while performing renovation work in the school library located at P.S. 3 on Staten Island. To make a prima facie showing of liability under Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). This showing may be made with "evidence that the subject ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries" (*Melchor v Singh*, 90 AD3d 866, 868 [2011]; *see Canas v Harbour at Blue Point Home Owners Assn., Inc.*, 99 AD3d 962, 963 [2012]; *Ordonez v C.G. Plumbing Supply Corp.*, 83 AD3d 1021 [2011]).

Here, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action. The mere fact that the injured plaintiff fell from a ladder does not, in and of itself, establish that proper protection was not provided (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 288; *Delahaye v Saint Anns School*, 40 AD3d 679 [2007]; *Alava v City of New York*, 246 AD2d 614, 615 [1998]). There are triable issues of fact as to whether the subject ladder was inadequately secured and whether the injured plaintiff's actions were the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1

NY3d at 288-289; *Schick v 200 Blydenburgh, LLC*, 88 AD3d 684 [2011]; *Delahaye v Saint Anns School*, 40 AD3d at 682). For similar reasons, the defendants failed to establish their prima facie entitlement to judgment as a matter of law on that branch of their cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action.

Accordingly, Supreme Court properly denied the motion and cross motion for summary judgment. Eng, P.J., Dillon, Sgroi and Miller, JJ., concur. ▆