Orellana v 7 W. 34th St., LLC (2019 NY Slip Op 04711)





Orellana v 7 W. 34th St., LLC


2019 NY Slip Op 04711


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-06292
 (Index No. 503769/14)

[*1]Jose Orellana, appellant-respondent, 
v
7 West 34th Street, LLC, et al., respondents-appellants.


Block O'Toole & Murphy, New York, NY (S. Joseph Donahue, Christina R. Mercado, and David L. Scher of counsel), for appellant-respondent.
Russo & Toner, LLP, New York, NY (Steven R. Dyki of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated May 8, 2017. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The order, insofar as cross-appealed from, denied that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff allegedly was injured while performing demolition work at a commercial building for his employer, nonparty Calvin Maintenance, Inc. (hereinafter Calvin). The building was owned by the defendant 7 West 34th Street, LLC (hereinafter 7 West), which hired the defendant W5 Group, LLC (hereinafter W5 Group, and together with 7 West, the defendants), to demolish several floors of the building. W5 Group hired Calvin to provide the laborers to perform the demolition work. At the time of the accident, the plaintiff was standing on an eight-foot-high A-frame ladder and using an electric saw to cut brackets which held an air duct to the ceiling. The plaintiff allegedly fell from the ladder and sustained severe injuries, including a neck fracture. He recalled cutting the last bracket holding the duct to the ceiling and feeling the duct falling, but he did not remember falling from the ladder.
The plaintiff commenced this action against the defendants, asserting causes of action, inter alia, under Labor Law § 240(1). Following discovery, the plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The defendants cross-moved, among other things, to dismiss the Labor Law § 240(1) cause of action. In an order dated May 8, 2017, the Supreme Court denied the plaintiff's motion and denied that branch of the defendants' cross motion which was to dismiss the Labor Law § 240(1) cause of action, finding triable issues of fact. The plaintiff appeals, and the defendants cross-appeal.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; see Rocovich v Consolidated Edison Co., 78 NY2d 509, 512). To prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation proximately caused his or her injuries (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289). Although comparative fault is not a defense to the strict liability of the statute, where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1) (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289-290). A plaintiff is the sole proximate cause of his or her own injuries when, acting as a "recalcitrant worker," he or she misuses an otherwise proper safety device, chooses to use an inadequate safety device when proper devices were readily available, or fails to use any device when proper devices were available (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 39-40; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 291-292; see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554-555; Montgomery v Federal Express Corp., 4 NY3d 805, 806; Melendez v 778 Park Ave. Bldg. Corp., 153 AD3d 700, 701; Saavedra v 64 Annfield Ct. Corp., 137 AD3d 771, 772).
Here, the plaintiff failed to demonstrate, prima facie, that the subject ladder was an inadequate safety device for the work in which he was engaged at the time of his alleged accident (see Esteves-Rivas v W2001Z/15CPW Realty, LLC, 104 AD3d 802, 803-804; Melchor v Singh, 90 AD3d 866, 868; Harris v Eastman Kodak Co., 83 AD3d 1563, 1564). The mere fact that the plaintiff fell from a ladder does not, in and of itself, establish that proper protection was not provided (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 288; Singh v City of New York, 113 AD3d 605, 606; Delahaye v Saint Anns School, 40 AD3d 679, 682). The opinion of the plaintiff's expert failed to establish that the ladder that was provided was an inadequate safety device. Therefore, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the Labor Law § 240(1) cause of action.
Similarly, the defendants failed to establish their prima facie entitlement to judgment as a matter of law on that branch of their cross motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action. The defendants' expert's affidavit, in which the expert opined that the subject ladder "was so constructed, placed and operated as to give proper protection," is conclusory and unsupported by evidence in the record. The defendants also failed to demonstrate, prima facie, that the plaintiff's conduct was the sole proximate cause of his fall because he allegedly failed to use scaffolding that was readily available at the job site (see Gallagher v New York Post, 14 NY3d 83, 88; Garbett v Wappingers Cent. Sch. Dist., 160 AD3d 812, 815; Przyborowski v A & M Cook, LLC, 120 AD3d 651, 653). In addition, the defendants failed to establish, prima facie, that the plaintiff's conduct was the sole proximate cause of his fall because he allegedly improperly positioned the ladder (see Ruiz v WDF, Inc., 45 AD3d 758; Izzo v AEW Capital Mgt., 288 AD2d 268, 269), did not ask his coworker to cut the bracket for him (see generally Noor v City of New York, 130 AD3d 536, 541), and did not demand that his foreman provide scaffolding (see generally DeRose v Bloomingdale's Inc., 120 AD3d 41, 47).
We disagree with the Supreme Court's determination that the issue of "the contributory negligence, if any, of the plaintiff must go to a jury." Comparative negligence is not a defense to the strict liability of the statute (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289). However, for the reasons stated above, we agree with the court that neither the plaintiff nor the defendants established prima facie entitlement to judgment as a matter of law regarding the Labor Law § 240(1) cause of action.
In light of our determination, we do not reach the parties' remaining contentions concerning proximate cause.
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court