Alexandridis v Van Gogh Contr. Co. (2020 NY Slip Op 01314)





Alexandridis v Van Gogh Contr. Co.


2020 NY Slip Op 01314


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-01142
 (Index No. 13413/13)

[*1]Theodoros Alexandridis, et al., plaintiffs-respondents- appellants, 
v
Van Gogh Contracting Company, et al., defendants-respondents-appellants, Christopher Meskouris, et al., appellants-respondents.


Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for appellants-respondents.
Cascone & Kluepfel, LLP, Garden City, NY (James K. O'Sullivan of counsel), for defendants-respondents-appellants.
Appell & Parrinelli, New York, NY (Louis A. Badolato of counsel), for plaintiffs-respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants Christopher Meskouris and Filantey Meskouris appeal, the defendants Van Gogh Contracting Company, Van Gogh Painting Corp., and Van Gogh Construction Corp. separately appeal, and the plaintiffs cross-appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered December 27, 2016. The order, insofar as appealed from by the defendants Christopher Meskouris and Filantey Meskouris, denied those branches of those defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and all cross claims insofar as asserted against them. The order, insofar as appealed from by the defendants Van Gogh Contracting Company, Van Gogh Painting Corp., and Van Gogh Construction Corp., denied those branches of those defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against them. The order, insofar as cross-appealed from by the plaintiffs, denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants Van Gogh Contracting Company, Van Gogh Painting Corp., and Van Gogh Construction Corp., granted that branch of the motion of the defendants Christopher Meskouris and Filantey Meskouris which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against those defendants, and granted those branches of the motion of the defendants Van Gogh Contracting Company, Van Gogh Painting Corp., and Van Gogh Construction Corp. which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against those defendants.
ORDERED that the order is modified, on the law, by deleting the provision thereof [*2]granting those branches of the motion of the defendants Van Gogh Contracting Company, Van Gogh Painting Corp., and Van Gogh Construction Corp. which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The injured plaintiff, Theodoros Alexandridis, allegedly sustained personal injuries when he fell while working on a ladder at a home owned by the defendants Christopher Meskouris and Filantey Meskouris (hereinafter together the Meskouris defendants) on Long Island. At the time of the accident, Christopher Meskouris (hereinafter Meskouris) and his cousin Nick Moshouris were each 50% owners of the defendant Van Gogh Construction Corp., a contracting company that did residential interior apartment renovations in Manhattan. The injured plaintiff had worked as a painting subcontractor for Van Gogh Construction Corp. since 2010 and had performed approximately 50 to 60 jobs for the company from that time until the accident occurred in June 2013.
Approximately one month prior to the accident, Meskouris discussed with the injured plaintiff painting the exterior of the Meskouris defendants' home in Manhasset. According to the injured plaintiff, he told Meskouris "for you, I am going to do half price," $300 for the day's work, because Van Gogh Construction Corp. was going to pay the balance due to him from several prior jobs. According to Meskouris, the injured plaintiff and his partner, Mario, told him they would paint the house for free, as a favor for all the work Meskouris had given them, and in response Meskouris told them he would "take care" of them, meaning that he would give them more work. Meskouris purchased the painting materials used to paint the house with a corporate credit card.
On the day of the accident, the injured plaintiff and Mario arrived at the Meskouris defendants' home with supplies for the job, including a ladder, and began painting. Around 12:30 p.m., the injured plaintiff went to paint the interior of the railing of a balcony that was over the garage. The injured plaintiff had placed the ladder so that it was resting against and leaning on the slab of the balcony. The injured plaintiff attempted to climb from his ladder over the railing onto the balcony while holding onto the balcony's railing, when the railing collapsed, causing him to fall to the ground below.
The injured plaintiff, and his wife suing derivatively, commenced this action against the Meskouris defendants, as well as the defendants Van Gogh Construction Corp., Van Gogh Contracting Company, and Van Gogh Painting Corp. (hereinafter collectively the Van Gogh defendants), alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. The Meskouris defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the Van Gogh defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs opposed the motions and cross-moved for summary judgment on the issue of liability on the Labor Law § 200 and common-law negligence causes of action against all defendants, and for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the Van Gogh defendants.
In an order entered December 27, 2016, the Supreme Court, among other things: (1) granted those branches of the Meskouris defendants' motion which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) cause of action insofar as asserted against them; (2) denied those branches of the Meskouris defendants' motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and all cross claims insofar as asserted against them; (3) granted those branches of the Van Gogh defendants' motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them; (4) denied those branches of the Van Gogh defendants' motion which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against them; and (5) denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the Van Gogh defendants. The Meskouris defendants [*3]appeal, the Van Gogh defendants separately appeal, and the plaintiffs cross-appeal.
"Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 663). "Where, as here, a plaintiff contends that an accident occurred because a dangerous condition existed on the premises where the work was being undertaken, an owner moving for summary judgment dismissing causes of action alleging common-law negligence and a violation of Labor Law § 200 must make a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of [it]'" (id. at 663, quoting Costa v Sterling Equip., Inc., 123 AD3d 649, 650). "When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed" (Schnell v Fitzgerald, 95 AD3d 1295, 1295; see Nicoletti v Iracane, 122 AD3d 811, 812; Lal v Ching Po Ng, 33 AD3d 668, 668).
Here, contrary to the Meskouris defendants' contention, they failed to establish, prima facie, that the alleged dangerous condition of the balcony railing was latent and not discoverable upon a reasonable inspection. In support of their motion, the Meskouris defendants submitted, inter alia, a transcript of the injured plaintiff's deposition testimony. The injured plaintiff testified that, immediately after the accident, he observed the railing after it had collapsed and "it was rotten" with rusty nails attached to the wood. Thus, the Meskouris defendants failed to meet their prima facie burden of demonstrating a lack of constructive notice of the alleged dangerous condition (see Davies v Simon Prop. Group, Inc., 174 AD3d 850, 854). Accordingly, we agree with the Supreme Court's determination denying those branches of the Meskouris defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and all cross claims insofar as asserted against them, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"Under the homeowner's exemption, owners of a one- or two-family dwelling used as a residence are exempt from liability under Labor Law § 240(1) . . . unless they directed or controlled the work being performed" (Ramirez v I.G.C. Wall Sys., Inc., 140 AD3d 1047, 1048). "The phrase direct or control as used in [Labor Law § 240] is construed strictly and refers to the situation where the owner supervises the method and manner of the work" (Pascarell v Klubenspies, 56 AD3d 742, 742 [internal quotation marks omitted]; see Chowdhury v Rodriguez, 57 AD3d 121, 127). "Instructions about aesthetic design matters, or retention of the limited power of general supervision, do not constitute direction or control as those terms are used in Labor Law § 240" (Decavallas v Pappantoniou, 300 AD2d 617, 618 [internal quotation marks omitted]). Here, contrary to the plaintiffs' contention, the Meskouris defendants established that they did not control the method or manner of the injured plaintiff's work. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting that branch of the Meskouris defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them.
" Labor Law §§ 240(1) and 241(6) apply to owners, contractors, and their agents'" (Fucci v Douglas S. Plotke Jr., Inc., 124 AD3d 835, 836, quoting Medina v R.M. Resources, 107 AD3d 859, 860). "[A] party with the ability to control the activity which brought about the injury' may be vicariously liable as an owner's agent or a contractor under those provisions of the Labor Law" (Natoli v City of New York, 32 AD3d 507, 508, quoting Walls v Turner Constr. Co., 4 NY3d 861, 863; see Fucci v Douuglas S. Plotke Jr., Inc., 124 AD3d at 836; Medina v R.M. Resources, 107 AD3d at 860). Here, contrary to the Van Gogh defendants' contention, they failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against them, as they failed to demonstrate, prima facie, that they were not owners, contractors, or statutory agents under those provisions of the Labor Law (see Sheridan v Albion Cent. School Dist., 41 AD3d 1277, 1278; Natoli v City of New York, 32 AD3d at 507-508).
The Van Gogh defendants' submissions in support of their motion did not demonstrate prima facie that with regard to the house painting project, Meskouris was acting [*4]individually, and not as an officer of the Van Gogh defendants. The injured plaintiff testified at his deposition that he had been a subcontractor for the Van Gogh defendants for approximately three years prior to the accident, during which he had performed 50 to 60 painting jobs, all of which were contracted for by verbal agreement, and for which he was usually paid in cash. Moreover, Meskouris testified at his deposition that he used the corporate credit card to purchase the painting materials for the job, and that the expenses would be deducted on the Van Gogh defendants' tax returns. However, Moskouris testified at his deposition that the Van Gogh defendants' work only involved residential renovations of apartments in New York City, and the injured plaintiff testified that all of his prior work for the Van Gogh defendants involved interior painting. Additionally, there is conflicting deposition testimony with regard to whether the injured plaintiff was to be paid for this job by the Van Gogh defendants, or whether the injured plaintiff had volunteered his services to Meskouris, and as to the circumstances surrounding how the injured plaintiff was advised of the job. Under these circumstances, there are triable issues of fact as to whether the Van Gogh defendants were a contractor for this job under the Labor Law (see Natoli v City of New York, 32 AD3d at 508). Accordingly, we agree with the Supreme Court's determination denying those branches of the Van Gogh defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against them, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). For the same reasons, we agree with the court's determination denying that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the Van Gogh defendants.
However, the Supreme Court should have denied that branch of the Van Gogh defendants' motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them. "A contractor may be liable in common-law negligence and under Labor Law § 200 in cases involving an allegedly dangerous premises condition only if it had control over the work site and . . . constructive notice of [the dangerous condition]'" (Mendez v Vardaris Tech, Inc., 173 AD3d 1004, 1005, quoting Doto v Astoria Energy II, LLC, 129 AD3d at 663). Here, the Van Gogh defendants failed to establish their prima facie entitlement to judgment as a matter of law. As previously set forth, there are triable issues of fact as to whether the Van Gogh defendants were contractors for the job, and if so, whether they had control over the work site. Moreover, there is a triable issue of fact as to whether any constructive notice of the alleged dangerous condition of the railing on Meskouris's behalf would be imputed to the Van Gogh defendants, if Meskouris had engaged the services of the injured plaintiff in his capacity as an officer of the Van Gogh defendants (see Furia v Mellucci, 163 AD2d 88, 88-89; see generally Emigrant Mtge. Co., Inc. v Biggio, 110 AD3d 673; Bianco v Flushing Hosp. Med. Ctr., 79 AD3d 777). Accordingly, those branches of the Van Gogh defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them should have been denied, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court