■ ALLEN GIOVENGO et al., Appellants, v P&L MECHANICAL et al., Respondents. [730 NYS2d 284] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered November 9, 2000, which granted defendants' motions for summary judgment dismissing the complaint and all cross claims, unanimously modified, on the law, to deny the motions of defendants P&L Mechanical, Bankers Trust Corp., and Sablons Investors, Inc. with respect to plaintiff's claims for common-law negligence and violation of Labor Law § 200 and to reinstate those claims against those defendants, and to deny the motion of defendant Alpha Mechanical with respect to plaintiff's common-law negligence claim and to reinstate that claim against that defendant, and otherwise affirmed, without costs.

Plaintiff was allegedly injured in a fall while performing routine maintenance work as an employee for defendant building owners, Bankers Trust Corp. and Sablons Investors, Inc. Although plaintiff's work was unrelated to the contract work undertaken by defendants P&L Mechanical (P&L), a general contractor, and Alpha, a subcontractor working under P&L, Alpha's alleged stacking of unbound eight-inch diameter piping in the narrow walkway onto which plaintiff fell, pursuant to directions which, according to the deposition testimony, were issued by the building owners and/or P&L, raises triable issues as to whether Alpha, P&L and the owners breached a common-law duty of care by creating an unsafe condition and as to whether, if such a breach occurred, it was a substantial cause of plaintiff's injury (*see, Luisa R. v City of New York*, 253 AD2d 196, 201). Triable issues also exist with respect to whether liability may be imposed on P&L and the building owners pursuant to Labor Law § 200, in view of deposition testimony indicating that P&L and/or the building owners directed Alpha where to place the piping in the building once it was delivered.

Such proof provides evidence supportive of plaintiff's Labor Law § 200 claim against P&L and the building owners since it provides indication of said defendants' control or supervision over the work site and of their actual or constructive notice of the alleged unsafe condition created by the stacked piping (*see, Jehle v Adams Hotel Assocs.*, 264 AD2d 354, 355). By contrast, there is no evidence indicating that Alpha exercised control or supervision over the subject work site. Concur—Tom, J. P., Andrias, Ellerin, Wallach and Friedman, JJ.