■ VASUDEVA SINGH et al., Appellants-Respondents, v BLACK DIAMONDS LLC et al., Respondents-Appellants, NASTASI WHITE, INC., Respondent, and LIBERTY CONTRACTING SERVICES, LTD., Appellant-Respondent. BLACK DIAMONDS LLC et al., Third-Party Plaintiffs-Appellants, v NASTASI WHITE, INC. et al., Third-Party Defendants-Respondents. [805 NYS2d 58]—

Orders, Supreme Court, New York County (Richard F. Braun, J.), entered July 26 and 27, 2004, which, in an action by a construction worker against the site's owner (Black), construction manager (Bovis), demolition subcontractor (Liberty) and carpentry subcontractor (Nastasi) for personal injuries sustained when plaintiff fell through an opening in the roof, inter alia, denied plaintiff's motion for summary judgment under Labor Law § 240 (1) and § 241 (6) and for disclosure sanctions against Bovis and Black, dismissed plaintiff's causes of action under Labor Law § 200 and for common-law negligence as against Bovis, denied Liberty's and Nastasi's motions for summary judgment dismissing the complaint as against them, granted Bovis and Black conditional summary judgment on their cross claim for contractual indemnification against Liberty, and granted the motion of third-party defendant roofing contractor, plaintiff's employer (Geiger), for summary judgment dismissing Bovis's and Black's cross claim against it for contractual indemnification, unanimously modified, on the law, to deny conditional summary judgment to Black on its contractual indemnification claim against Liberty, and otherwise affirmed, without costs.

The motion court correctly determined that issues of fact exist as to whether plaintiff was furnished with an adequate safety device in the form of a piece of plywood, marked with spray paint, that Nastasi, the carpentry contractor responsible for penetration protection, nailed over the opening created by Liberty, the demolition contractor; and whether plaintiff's purported act of prying the plywood off of the opening, precipitating his fall, was the sole proximate cause of the accident.

We also find that the motion court properly dismissed plaintiff's claims against Bovis brought pursuant to Labor Law § 200 and for common-law negligence. It is settled that section 200 of the Labor Law is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993];

*Reilly v Newireen Assoc.*, 303 AD2d 214, 219 [2003], *lv denied* 100 NY2d 508 [2003]). In order to prevail on such a claim, plaintiff must demonstrate that defendant had the authority to "control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998] [internal quotation marks omitted]). Accordingly, liability can only be imposed if defendant exercised control or supervision over the work and had actual or constructive notice of the purportedly unsafe condition (*Giovengo v P&L Mech.*, 286 AD2d 306 [2001]; *Jehle v Adams Hotel Assoc.*, 264 AD2d 354, 355 [1999]).

In this matter, it is undisputed that plaintiff never took orders from Bovis and that Bovis had no responsibility for overseeing the work performed by him or his employer. Moreover, the testimony of Bovis's project superintendent: that he conducted regular walk-throughs and, if he observed an unsafe condition, had the authority to find whoever was responsible for the condition and have them correct it or, if necessary, stop the work; that he discussed covering the subject hole in the roof with Nastasi's representative; and that he had inspected the plywood in question after it had been nailed down over the hole, simply indicates Bovis's general supervision and coordination of the work site and is insufficient to trigger liability (*Vasiliades v Lehrer McGovern & Bovis*, 3 AD3d 400, 401-402 [2004]).

We have considered the parties' remaining arguments for affirmative relief and find them to be unavailing. Concur—Tom, J.P., Andrias, Sullivan, Nardelli and Williams, JJ.