■ WIOLETA KIELAR as Administratrix of the Estate of MARCIN KIELAR, Deceased, et al., Respondents, v THE METROPOLITAN MUSEUM OF ART et al., Appellants, et al., Defendant. THE METROPOLITAN MUSEUM OF ART, Third-Party Plaintiff-Appellant-Respondent, v R. SMITH RESTORATION, INC., Third-Party Defendant-Respondent-Appellant. [866 NYS2d 629]—

Order, Supreme Court, New York County (Leland G. De-Grasse, J.), entered January 3, 2008, which, in an action for personal injuries and wrongful death arising out of plaintiff's decedent's fall through a tempered glass skylight while working on the roof of a building owned by defendant City and leased by defendant museum, inter alia, awarded plaintiff summary judgment on her Labor Law § 240 (1) claim; dismissed plaintiff's Labor Law § 200 and common-law negligence claims against the museum and the City; awarded third-party defendant, plaintiff's employer, summary judgment dismissing the museum's and the City's claims for indemnification against it "to the extent of coverage provided for them as additional insureds under the [employer's primary] policy"; and awarded the museum and the City summary judgment "to the extent that liability is determined in their favor with respect to their respective contractual indemnification [claims] against [the employer] only insofar as their additional insured coverage under the [employer's primary] policy is exhausted," unanimously modified, on the law, to the extent of (1) denying the employer's motion to dismiss the museum's and the City's indemnification claims against it in its entirety pending the outcome of a separate declaratory judgment action bearing New York County index No. 102177/08, with leave to resubmit the motion at the conclusion of such action, (2) granting the museum and the City summary judgment on their claims for contractual indemnification to the extent coverage under the employer's primary and excess insurance policies are exhausted, (3) awarding the museum and the City summary judgment on their claims for common-law indemnification to the extent of finding liability in their favor, and otherwise affirmed, without costs. Appeals from order, Supreme Court, New York County (Walter B. Tolub, J.), entered June 2, 2008, unanimously dismissed, without costs, as taken from a nonappealable insofar as it denied reargument, and as academic insofar as it denied renewal.

Evidence entitling plaintiffs to summary judgment on the

Labor Law § 240 (1) claim establishes that her decedent, pursuant to the employer's contract with the museum to, among other things, recaulk and seal glass skylights on the museum roof, was working on the roof 60 feet above the ground; that he and his coworkers had to move counterweights across the roof in order to utilize the swing-stage scaffolding; that the safety lines on the roof could not reach the area of the skylights; that the decedent's foreman decided that they should move the counterweights over the skylights and not over the area near the edge of the roof because that area was wet and it was awkward to move the counterweights there; that when the employer's workers were caulking the skylights they were tied off to cables that the employer had installed and stretched along the skylights, but that such safety cables were not in place at the time of the accident; and that foam and plywood should have been placed down over the skylights on the roof for the transfer of counterweights and that a manlift could have been used for the work, as was done following the accident; and that OSHA concluded that serious violations had taken place at the work site, including that employees on the roof did not have protection while moving counterweights over skylights (see *Carpio v Tishman Constr. Corp. of N.Y.*, 240 AD2d 234, 236 [1997]). No issues of fact are raised as to whether the decedent's actions were the sole proximate cause of the accident. In moving the counterweights over the skylights he was following the directions of his foreman and could not utilize the safety rope system since the rope did not reach to the area of the skylights. "[T]he Labor Law does not require a plaintiff to have acted in a manner that is completely free from negligence. It is absolutely clear that 'if a statutory violation is a proximate cause of an injury, the plaintiff cannot be solely to blame for it' " (*Hernandez v Bethel United Methodist Church of N.Y.*, 49 AD3d 251, 253 [2008], quoting *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]).

The motion court erred in finding that American International Specialty Lines Insurance Company (AISLIC), the employer's excess insurance carrier, was not required to extend coverage to the museum and the City. Indeed, as a result of a separate declaratory judgment action, the parties had entered into a confidential agreement in which AISLIC agreed to extend coverage to the museum and the City.

The employer seeks to dismiss the museum's and the City's claims for indemnification, as violative of the antisubrogation rule, to the extent of the full coverage provided by its primary and excess insurance policies (see *Washington v New York City*

*Indus. Dev. Agency*, 215 AD2d 297 [1995]). The motion court improperly granted the employer's motion in part. Indeed, since both Admiral Insurance Company, the employer's primary insurance carrier, and AISLIC are denying coverage to the employer, and since the employer has commenced a separate declaratory judgment action to determine the issue of coverage, it is premature to determine whether the antisubrogation rule bars the City's and the museum's claims. Accordingly, the employer's summary judgment motion is denied in its entirety pending the outcome of the separate declaratory judgment action, with leave to resubmit the motion at that time.

The motion court properly granted the museum and the City summary judgment on their contractual indemnity claims in view of the employer's indemnification agreement with the museum and the City. Contrary to the employer's assertions on appeal, the record establishes that the museum did not have actual or constructive notice of any unsafe practices, and no issues of fact as to whether the museum was affirmatively negligent are otherwise raised (*see Correia v Professional Data Mgt.*, 259 AD2d 60 [1999]; *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]).

However, in light of the fact that AISLIC agreed to cover the museum, we modify the order to grant summary judgment on the contractual indemnity claim only insofar as both the Admiral and the AISLIC policies are exhausted.

The motion court failed to address the museum's and the City's common-law indemnification claims. As noted, since there was no evidence of affirmative negligence on the part of the museum and the City, they, as property owners liable vicariously under the Labor Law, are entitled to common-law indemnification from the employer (*Aragon v 233 W. 21st St.*, 201 AD2d 353 [1994]). Accordingly, we modify to grant summary judgment to the museum and the City on their common-law indemnification claims against the employer to the extent of determining liability in their favor.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Nardelli, Buckley and Freedman, JJ. [*See* 2007 NY Slip Op 34246(U).]