Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered June 12, 2012, which, to the extent appealed from as limited by the briefs, granted defendant 888 Seventh Avenue LLC’s motion for summary judgment dismissing the complaint as against it, denied plaintiffs’ motion for partial summary judgment on the Labor Law § 240 (1) claim, denied defendant R&R Scaffolding, Ltd.’s motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it, granted R&R’s motion for summary judgment dismissing 888 Seventh Avenue’s cross claims for contribution and common-law indemnification against it, and granted third-party defendant SMB Windows, LLC’s motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to deny 888 Seventh Avenue’s motion as to the Labor Law §§ 240 (1) and 200 and common-law negligence claims as against it, to grant plaintiffs’ motion as against 888 Seventh Avenue, to grant R&R’s motion as to the Labor Law § 200 claim, to deny R&R’s motion as to 888 Seventh Avenue’s cross claims against it, and to deny SMB’s motion, and otherwise affirmed, without costs.
Although plaintiff Anthony DeJesus was not operating the scaffold in his capacity as a window washer at the time of the accident, he was operating it for the caulkers who could not have safely discharged their duties without him. Since caulking is an activity of the sort enumerated in Labor Law § 240 (1) (see Rendino v City of New York, 83 AD3d 540 [1st Dept 2011]; Kielar v Metropolitan Museum of Art, 55 AD3d 456 [1st Dept 2008]), plaintiff is entitled to the same statutory protection as the caulk- *588 1ers, and his Labor Law § 240 (1) claim against 888 Seventh Avenue should not be dismissed. Further, given the evidence that the lanyard and harness provided to plaintiff proved inadequate to shield him from falling through the rail track, plaintiff is entitled to summary judgment on the issue of liability on that claim (see Miglionico v Bovis Lend Lease, Inc., 47 AD3d 561, 564 [1st Dept 2008]).
The protections of Labor Law § 241 (6) are inapplicable to plaintiffs claims because he was not engaged in construction work at the time of the accident (see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526 [2003]). Similarly, Labor Law § 202 is inapplicable because plaintiff was not engaged in window cleaning at the time of the accident.
The testimony of plaintiffs supervisor that 888 Seventh Avenue’s property manager had the authority to direct plaintiffs work raises a triable issue of fact whether 888 Seventh Avenue supervised or controlled plaintiff’s work for purposes of the Labor Law § 200 and common-law negligence claims against it (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]; Giovengo v P&L Mech., 286 AD2d 306 [1st Dept 2001]).
The record presents a triable issue of fact whether R&R failed to exercise reasonable care in the performance of its duties under the agreement (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). However, plaintiff conceded that R&R is not liable under Labor Law § 200.
In light of our disposition of the claims against it, 888 Seventh Avenue’s cross claims and third-party claims for contribution and common-law indemnification against R&R and SMB should not be dismissed, since there is evidence in the record that supports a finding of proportionate negligence among these parties (see Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 414 [1st Dept 2011]). Moreover, on this record, 888 Seventh Avenue may be entitled to contractual indemnification by SMB under their Windows Contract. Concur — Sweeny, J.P., Andrias, Moskowitz, DeGrasse and Gische, JJ.