Guaman v City of New York (2018 NY Slip Op 01025)





Guaman v City of New York


2018 NY Slip Op 01025


Decided on February 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2018

Renwick, J.P., Andrias, Kapnick, Gesmer, Moulton, JJ.


5682 150047/14

[*1]Manuel Guaman, etc., Plaintiff-Appellant-Respondent.
v
The City of New York, et al., Defendants-Respondents-Appellants.
D'Onofrio General Contractors Corp., Third-Party Plaintiff-Respondent-Appellant,
v
Yukon Enterprises, Inc., Third-Party Defendant-Respondent-Appellant.
Yukon Enterprises, Inc., Second Third-Party Plaintiff-Respondent-Appellant,
v
Diego Construction, Inc., Second Third-Party Defendant-Respondent-Appellant.


Sivin & Miller, LLP, New York (Edward Sivin of counsel), for appellant-respondent.
Havkins Rosenfeld Ritzert & Varriale, LLP, Mineola (Gail L. Ritzert of counsel), for the City of New York and D'Onofrio General Contractors Corp., respondents-appellants.
Churbuck Calabria Jones & Materazo, P.C., Hicksville (Nicholas P. Calabria of counsel), for Yukon Enterprises, Inc., respondent-appellant.
Newman Myers Kreines Gross Harris, P.C., New York (Olivia M. Gross and Adrienne Yaron of counsel), for Diego Construction, Inc., respondent-appellant.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered April 19, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the Labor Law §§ 240(1) and 241(6) claims against defendants City of New York and D'Onofrio General Contractors Corp., unanimously affirmed, without costs. Order, same court and Justice, entered June 29, 2017, which, upon renewal of the City and D'Onofrio's, and third-party and second third-party defendants' motions for summary judgment dismissing the complaint and all claims as against them, adhered to the original determination denying the motions, unanimously reversed, on the law, without costs, and the summary judgment motions granted. The Clerk is directed to enter judgment accordingly.
Contrary to plaintiff's argument, a fall through an unguarded opening in the floor of a construction site constitutes a violation of Labor Law § 240(1) only where a safety device adequate to prevent such a fall was not provided (Burke v Hilton Resorts Corp., 85 AD3d 419 [1st Dept 2011]; Kielar v Metropolitan Museum of Art, 55 AD3d 456, 458 [1st Dept 2008]; John v Baharestani, 281 AD2d 114, 118-119 [1st Dept 2001]). A safety line and harness may be an [*2]adequate safety device for a person working over an open area or near an elevated edge (see e.g. Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35 [2004]; cf. Kielar, 55 AD3d at 458 [statute violated where, inter alia, safety lines did not reach area of skylights]; Anderson v MSG Holdings, L.P., 146 AD3d 401 [1st Dept 2017] [harness supplied but no place to tie off], lv dismissed 29 NY3d 1100 [2017]).
Defendants established prima facie that plaintiff's decedent was the sole proximate cause of his accident with evidence that a harness and safety rope system was in place on the roof, that the decedent had been instructed to remain tied off at all times while on the roof, and that he could not have reached the skylight through which he fell if he had remained tied off. In opposition, plaintiff offered nothing more than speculation that the decedent unhooked his harness to reach the lift that transported workers to and from the roof or that the system of harness, lanyard, and safety rope failed.
In view of the foregoing, any violation of Labor Law § 241(6) was not a proximate cause of the decedent's accident (see Eddy v John Hummel Custom Bldrs., Inc., 147 AD3d 16, 24-25 [2d Dept 2016], lv denied 29 NY3d 913 [2017]).
Plaintiff's notice of appeal limited his appeal to the denial of his motion for summary judgment on the Labor Law §§ 240(1) and 241(6) claims. Accordingly, we do not reach his arguments addressed to the Labor Law § 200 and common-law negligence claims (see D'Mel & Assoc. v Athco, Inc., 105 AD3d 451, 453 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2018
CLERK