Vucetic v NYU Langone Med. Ctr. (2019 NY Slip Op 04868)





Vucetic v NYU Langone Med. Ctr.


2019 NY Slip Op 04868


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


9632 161936/14 595374/15

[*1]Ante Vucetic, et al., Plaintiffs-Respondents,
v
NYU Langone Medical Center, Defendant, NYU Hospitals Center, et al., Defendants-Appellants. 
[And a Third Party Action]
NYU Hospitals Center, et al., Second Third-Party Plaintiffs,
v
Horizon Contracting, LLC, Second Third-Party Defendant-Appellant.


Gallo Vitucci Klar LLP, Woodbury (Ivan C. Torres of counsel), for NYU Hospital Center and Lend Lease (US) Construction LMB Inc., appellants.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Joseph V. Cambareri of counsel), for Horizon Contracting, LLC, appellant.
Sacks and Sacks LLP, New York (Scott N. Singer of counsel), for respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered August 16, 2018, which granted plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Summary judgment was properly granted in this action where plaintiff Ante Vucetic was injured when the A-frame ladder he was using to perform insulation work collapsed beneath him, causing him to fall to the ground (see e.g. Tuzzolino v Consolidated Edison Co. of N.Y., 160 AD3d 568 [1st Dept 2018]; Fletcher v Brookfield Props., 145 AD3d 434 [1st Dept 2016]). The record shows that the "safety devices provided to plaintiff did not properly protect him from an elevation-related hazard" (Torres v Monroe College, 12 AD3d 261, 262 [1st Dept 2004]). Furthermore, at the time of his fall, plaintiff was following his foreman's instructions and thus, [*2]he was not the sole proximate cause of the accident (see Harris v City of New York, 83 AD3d 104, 110-111 [1st Dept 2011]; Kielar v Metropolitan Museum of Art, 55 AD3d 456, 458 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK