# Padilla v 54-62 W. 56 Realty Corp.

2025 NY Slip Op 30084(U)

January 9, 2025

Supreme Court, New York County

Docket Number: Index No. 155881/2019

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    HON. MARGARET A. CHAN                    PART                49M
                              *Justice*

------------------------------------------------------------X

VICTOR H. LOPEZ PADILLA,

                              Plaintiff,

               - v -

54-62 WEST 56 REALTY CORP., BLDG MANAGEMENT CO., INC.,

                              Defendant.

------------------------------------------------------------X

54-62 WEST 56 REALTY CORP.,

                              Plaintiff,

               -against-

AMES CONSTRUCTION CORP.

                              Defendant.

------------------------------------------------------------X

BLDG MANAGEMENT CO., INC.

                              Plaintiff,

               -against-

AMES CONSTRUCTION CORP.

                              Defendant.

------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155881/2019 |
| MOTION DATE | 07/28/2023, 07/31/2023 |
| MOTION SEQ. NO. | (MS) 001 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595487/2020

Second Third-Party
Index No. 595030/2022

The following e-filed documents, listed by NYSCEF document number (Motion 001) 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 91, 94, 96, 97, 98, 99, 104, 105

were read on this motion to/for               JUDGMENT - SUMMARY               .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 92, 95, 100, 101, 102, 103

were read on this motion to/for               JUDGMENT – SUMMARY               .

    In this action, plaintiff Victor Lopez Padilla was injured on March 29, 2019, while working as a painter/plasterer at 69 West 55th Street, New York, NY (the Building), which is owned by defendant 54-62 West 56 Realty Corp. Defendant Bldg

Management Co., Inc. was the Building's managing agent (Bldg Mgt). Plaintiff brought suit against the Owner and Bldg Mgt for the personal injuries he sustained when he fell from a ladder while performing his work. His amended complaint alleges causes of action under Labor Law §§ 240, 241(6), 200 and common law negligence. Plaintiff moves in MS 001 for partial summary judgment on liability on his Labor Law §§ 240 and 241(6) claims. Defendant opposes plaintiff's motion, and in moves, in MS 002, for summary judgment dismissing the amended complaint.

For the reason below, plaintiff's motion is denied, and defendant's motion is granted only as to plaintiff's cause of action under Labor Law § 200 and common law negligence.

## FACTS[1]

In March 2019, defendants' Building was undergoing construction and renovation work (the Project). Defendants engaged Ames Construction Corp. (Ames) for painting and plastering part of the Project (NYSCEF # 29 – amended complaint [AC] – ¶¶ 29, 31). Plaintiff was employed by Ames (NYSCEF # 58 – Pltf's Stmt of Facts – ¶ 1; NYSCEF # 97 – Defts' Stmt of Facts ¶¶ 1; NYSCEF # 70[2] – Pltf's tr at 23:18-23). Plaintiff testified that on March 29, 2019, his boss told him to go to 69 W. 55 St. to finish the job there (Pltf's tr at 181:17-21). Plaintiff claims to have arrived at 69 W. 55 Street at 8:00 a.m. (*id.* at 182:12-14).

At the time of the incident, plaintiff was painting and plastering the ceiling on the second floor of the Building (Pltf's Stmt of Facts ¶ 3). None of his coworkers were with him (Pltf's tr at 35:14-15). Plaintiff claims that Ames provided two ladders – a six-foot and a 12-foot ladder (*id.* at 37:23-38:6). Plaintiff's "boss" had instructed plaintiff to use the 12-foot ladder for the ceiling work (Pltf's stmt of facts ¶ 4). Although it was an A-frame ladder, plaintiff did not open it due to the narrow space in the hallway where he worked (*id.* at 2). Plaintiff testified that there was a cloth tarp on the floor but because the ladder was slipping, he moved the tarp and placed the ladder on the ceramic floor. He also testified that the ceramic floor had a milky substance on it which Ames use to make the ceramic floor shiny; but it also makes it slippery. The ladder, which he inspected and found no defects, slipped on the ceramic floor causing plaintiff to fall. Plaintiff hit his head on adjacent banister and fell down some steps of the stairs and lost consciousness (Pltf's tr at 47:19-25, 57:25-58:19; 65:24-67-6).

Plaintiff claims that because plaintiff fell from a ladder which he used to perform his painting and spackling work on the ceiling, he is entitled to the protections under Labor Law § 240 (1). And since defendants, as owners of the

---

[1] As the parties' submission in both motion sequences are similar if not the same, unless otherwise indicated, the documents in MS001 are referenced for both motions.
[2] Plaintiff testified through a Spanish interpreter at his deposition.

[* 2]

Building, have a non-delegable duty to protect workers such as plaintiff from height-related injuries, plaintiff is entitled to partial summary judgment on his Labor Law § 240 (1) (NYSCEF # 59 – Pltf's MOL at 8-9). Plaintiff adds that the fact that the A-frame ladder was used in a closed position does not detract from the line of cases that found in favor of plaintiffs who, in performing height-related work, fell from unsecured ladders that moved. This is because due to the narrowness of the space in which plaintiff had to work that he was unable to open the ladder and had to lean it against the wall (*id.* at 11-12 citing and quoting to *Castillo v TRM Contracting 626, LLC,* 211 AD3d 430, 430-431 [1st Dept 2022]).

On his Labor Law § 241(6) claim, plaintiff invokes Industrial Code section 23-121 – Ladders and Ladderways – as the provision that defendants allegedly violated. Specifically, the A-frame ladder could not be opened given the small space, the floor was slippery which caused the ladder to slide, and another person should have been provided to be a "foot," so to ensure the ladder won't slide (NYSCEF # 59 at 14-15). Since defendants failed to provide an adequate elevation-related device for that small space or one that would not slip, plaintiff claims that he is entitled to summary judgment on this cause of action (*id.* at 14-15).

Anticipating defendants' counter arguments that plaintiff was the sole proximate cause of his own accident, plaintiff cites *Blake v Neighborhood Hous. Servs. of New York City, Inc.* (1 NY3d 280 [2003]) for the proposition that defendants' violation of Industrial Code § 23-121 eviscerates any blame on plaintiff (Pltf's MOL at 15). Plaintiff refers to photographs depicting the height of the ceiling and the narrowness of the hallway to underscore that plaintiff had no choice but to use the taller 12-foot ladder of the two ladders to reach the ceiling and to lean the closed A-frame ladder against the wall as there was no space in the narrow hallway to open the ladder (*id.* at 17).

Another counter-argument that plaintiff anticipates defendants will pursue is that plaintiff's supervisor had instructed plaintiff to work at a different building that day. Plaintiff relays that his supervisor, Abis Sahmanovic testified that he instructed plaintiff to meet him at 8:30 a.m. on March 29, 2019, to work with him at a different building. But plaintiff asserts that Sahmanovic's testimony is "simply incredible" (*id.* at 18). Plaintiff points out that Sahmanovic did not follow up on plaintiff's whereabouts and only learned at 4:00 p.m. that plaintiff was working at a different building (*id.*). Plaintiff asserts that plaintiff knew to go to 69 W. 55 Street because he was going to continue the work from the day before. To support his claim, plaintiff points to the defendants' invoice for 69 W. 55 Street for March 29, 2019, which shows that plaintiff was Ames employee then (*id.*).

As plaintiff anticipated, defendants indeed argue that plaintiff was not permitted to work at 69 W. 55 Street on March 29, 2019 (NYSCEF # 98 – Defts' MOL ¶ 13). Defendants turn to Sahmanovic's testimony that he directed plaintiff to

[* 3]

report to 56 W. 56 Street to meet with a co-worker. Thus, on the day of plaintiff's accident, plaintiff was supposed to be working at 69 W. 55th Street (*id.* ¶¶ 17, 18).

According to defendants, Abis Samonovic's renovation company, Ames, had two ongoing project at the time – a painting and plastering job at 69 W. 55 Street and a plaster ceiling removal job at 56 W. 56 Street (*id.* ¶ 18; NYSCEF # 74 – Sahmanovic's tr at 10:1-14). Aside from Ames, since 2016, Samonovic also worked as a superintendent in seven buildings[3] that are managed by Bldg Mgt (*id.* at 14:1-9, 14:24-15). But when Samonovic does renovation work on one of the Bldg Mgt's buildings, he works as an independent contractor through his company, Ames (*id.* at 17:25-18:6). Plaintiff was one of Ames's weekly/daily employees (*id.* at 19:10-25). Samonovic testified that on March 29, 2019, Ames' job was to remove a plaster ceiling in the hallways at 56 W. 56 Street (*id.* 22:5-12). Ames had a contract or invoice with BLDG Management to do a one-day job at the 56 W. 56 Street building, which specified the job: "removal of . . . plaster ceiling underneath the stairwell and exposing the stairs underneath for engineer" (*id.* at 23:19-24:16). Plaintiff was supposed to be at this job on March 29, 2019, but did not work at this job (*id.* at 27:21-28:4).

Samonovic testified that Ames had an ongoing two-week job – a plastering and painting of the hallways at 69 W. 55 Street but not on March 29, 2019; this job ended around April 5 or 6 (*id.* at 28:13-20). Ames was not scheduled to work at 69 W. 55 Street on March 29, 2019; neither was plaintiff (*id.* at 29:17-30:1). Rather, on that day, plaintiff arrived late, and at 8:30 a.m., Samonovic told plaintiff to meet another co-worker (Christobal) at 56 W. 56 Street to remove the plaster ceiling (*id.* at 30:5-31:9). The conversation transpired in English, which is usually used when Samonovic and plaintiff spoke; Samonovic spoke very little Spanish (*id.* at 31:24-32:9).

Defendants adds that their argument that plaintiff was not authorized to do work at 69 W. 55 Street on March 29 is supported not only by Samonovic's testimony but also by Paul Howard, the Property Manager for Bldg Mgt (Defts' MOL at 19-20). Howard averred that Ames employees can only work in a building managed by Bldg Mgt under the direction and supervision of the Ames' prinicpals, Abis or Izet Samonovic (*id.* at 20 referring to NYSCEF # 86 – Howard aff ¶ 14 in MS002). Thus, defendants conclude that to the extent that plaintiff was not permitted or directed by defendants or Ames to work at 69 W. 55 Street where he fell, his Labor Law claims fail because he was not authorized to be the W. 55 Street building.

Alternatively, defendants argue that should they not prevail on their point that plaintiff was not an authorized worker, they contend that plaintiff's Labor Law

---

[3] The seven buildings are 48 W. 56 St., 52 W. 56 St., 54 W. 56 St., 56 W. 56 St., 58 W. 56. St., 60 W. 56 St. and 62 W. 56 St. (NYSCEF # 74 at 16:7-12).

**155881/2019  LOPEZ PADILLA, VICTOR H. vs. 54-62 WEST 56 REALTY CORP.,**                    Page 4 of 7
**Motion No.  001 002**

claims all fail in any event. They argue that plaintiff alone chose to use the 12-foot ladder rather that the available 6-foot or the 8-foot ladder. Thus, plaintiff was the sole proximate cause of his accident and his Labor Law § 240 claim fails (Defts' MOL ¶¶ 38, 39).

Defendants contend that plaintiff's Labor Law § 246 claim fails as well because plaintiff was supplied with two safe working ladders (*id.* ¶¶ 44, 46). Defendant's expert opined that plaintiff could not have used a 12-foot A-frame ladder as he did because of its size in juxtaposition to the wall – a 144-inch folded A-frame ladder leaning on a 138-inch wall (*id.* ¶ 47; NYSCEF 85 – Deft Expert's aff – ¶¶ 20, 22). The expert also noted that a 6-foot and 8-foot ladder were found at the scene (*id.* ¶ 27). On this note, Samonovic testified that when he visited plaintiff in the recovery room at the hospital after the incident, plaintiff had described to him the ladder that he used: "at first he said it was a 4-foot ladder, then a 6-foot ladder, then a[n] 8-foot ladder" (Samonovic tr at 33:20). And this was the same description plaintiff give to the doctors and nurses (*id.* at 34:8).

## DISCUSSION

A party moving for summary judgment must make a prima facie showing that it is entitled to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once that showing is made, the burden shifts to the party or parties opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party (*see Vega v Restani Constr. Corp*, 18 NY3d 499, 503 [2012]). Although summary judgment is "considered a drastic remedy," "when there is no genuine issue to be resolved at trial, the case should be summarily decided" (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). In this regard, the court's task at this juncture "is issue finding, not issue determination" (*Lebedev v Blavatnik*, 193 AD3d 175, 184 [1st Dept 2021]). Here, both plaintiff and defendants move for summary judgment. Their respective motions raise material issues of fact no matter how the facts are viewed.

The first issue to address is whether plaintiff was permitted to work at defendant's building at 69 W. 55 Street on March 29, 2019, when he fell from a ladder doing painting and spackling work for Ames. Plaintiff testified that his boss, meaning Samonovic, told him to go to 69 W.55 Street on March 29, but Samonovic testified that he told plaintiff to go to 56 W. 56 Street to do the plaster ceiling removal that same morning. Given the two material conflicting accounts and given that both plaintiff and defendants separately move for summary judgment, neither account can be credited.

Further, there are material issues of fact regarding the type of ladder plaintiff used. While plaintiff claims to have used a 12-foot ladder, there is also testimony that he fell from a 4-foot or 6-foot or 8-foot ladder. There is also a question of what ladders were found at the site after plaintiff's incident, which did not include a 12-foot ladder (*see* Sahmanoc tr at 45:12-46:14).

In any event, given the multiple issues of material fact, both plaintiff's motion for partial summary judgment on his Labor Law §§ 240 and 241(6) claims and defendant's motion for summary judgment on these two claims are denied.

However, defendants' motion to dismiss the Labor Law § 200 and common law negligence claim survives.

Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Singh v Black Diamonds LLC*, 24 AD3d 138, 139 [1st Dept 2005] [internal citations omitted]). Liability under Labor Law § 200 may be based either upon the means and method by which the work is performed or actual or constructive notice of a dangerous condition inherent in the premises. When the accident arises from a dangerous condition on the property, the proponent of a Labor Law § 200 claim must demonstrate that the defendant created or had actual or constructive notice of the allegedly unsafe condition that caused the accident (*see Murphy v Columbia Univ.*, 4 AD3d 200, 202 [1st Dept 2004]).

In order to find an owner or his agent liable under Labor Law § 200 for defects or dangers arising from a subcontractor's method or manner, it must be shown that the owner or agent exercised some supervisory control over the injury-producing work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Jackson v Hunter Roberts Constr., LLC.*, 205 AD3d 542, 543 [1st Dept 2022]). In any event, "[g]eneral supervisory authority is insufficient to constitute supervisory control; it must be demonstrated that the contractor controlled the manner in which the plaintiff performed his or her work, i.e., how the injury-producing work was performed" (*Hughes v Tishman Constr. Corp.*, 40 AD3d 305, 306 [1st Dept 2007]).

Here, the crux of plaintiff's claim to hold defendants liable under Labor Law § 200 is that there was a milky substance of the floor that made the ladder slip. However, plaintiff himself testified that there was a cloth tarp covering the floor on top of which he place the ladder. Plaintiff then removed the tarp and placed ladder on the ceramic floor. Plaintiff stated that Ames put a liquid on the ceramic floor to make it shine, which also makes it slippery (Pltf's tr at 56:18-57-11; 56-12-58-7). Thus, plaintiff has not shown that defendants created or had notice of the slippery condition.

But plaintiff also argues that defendants had a duty to do inspections to ensure a safe work site. However, the fact that defendants conduct inspections does not show that defendants had any control over plaintiff's work. As defendants' Property Manager states in his affidavit, since plaintiff was Ames' employee and not defendants', plaintiff works under Ames' supervision (NYSCEF # 86 – Howard aff). Thus, plaintiff cannot impute to defendants a general supervisory authority. As such, defendants' motion to dismiss plaintiff's Labor Law § 200 and common law negligence cause of action is granted.

Accordingly, it is

ORDERED that plaintiff's motion for partial summary judgment on his Labor Law §§ 240 and 241(6) claims (MS 001) is denied; and it is further

ORDERED that defendants 54-62 West 56 Realty Corp and Bldg Management Co. Inc.'s motion for summary judgment dismissing the complaint is granted to the extent that plaintiff's claims under Labor Law § 200 and common law negligence, and denied as to plaintiffs' claims under Labor Law §§ 240 and 241(6); and it is further

ORDERED that plaintiffs shall serve all parties a copy of this Decision and Order with Notice of Entry within 10 days of efilng of this order; and it is further

ORDERED that, with the disposition of the parties' post-note dispositive motions, this case is transferred to the Part 40, the Trial Part.

| 1/9/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | MARGARET A. CHAN, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☒ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |