**Ziobro v Milan House Inc.**

2025 NY Slip Op 31235(U)

April 11, 2025

Supreme Court, New York County

Docket Number: Index No. 154028/2017

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 49M

------------------------------------------------------------------------X

WITOLD ZIOBRO, MAGDALENA ZIOBRO,

Plaintiffs,

- v -

MILAN HOUSE INC. and BROWN HARRIS STEVENS
RESIDENTIAL MANAGEMENT LLC,

Defendants.

------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154028/2017 |
| **MOTION DATE** | 02/16/2024, 02/14/2024, 03/22/2024 |
| **MOTION SEQ. NO.** | 003 004 005 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 210, 215, 255

were read on this motion to/for _____SUMMARY JUDGMENT(AFTER JOINDER_____ .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 166, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 211, 213, 220, 221, 222, 223, 224, 256

were read on this motion to/for _____SUMMARY JUDGMENT(AFTER JOINDER_____ .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 212, 214, 216, 217, 218, 219, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254

were read on this motion to/for _____JUDGMENT - SUMMARY_____ .

Plaintiff Witold Ziobro was injured on February 10, 2017, while working for third-party defendant Manhattan Renovations, Inc. (Renovations) at 116 East 68 Street, New York, NY (the Building), a residential cooperative building owned by defendant/third-party plaintiff Milan House, Inc. (Milan House) and managed by defendant/third-party plaintiff Brown Harris Stevens Residential Management (Brown Harris). Plaintiff and his wife Magdalena Ziobro commenced this action asserting causes of action under Labor Law §§ 200, 240(1), and 241(6) against Milan House and Brown Harris (the Building defendants). The Building defendants impleaded, in their second third-party action, Renovations, as well as Robert Hodges Hackney Jr. (Hackney) and Shauna Holiman (Hackney and Holiman

154028/2017  ZIOBRO, WITOLD vs. MILAN HOUSE INC.
Motion No.  003 004 005

Page 1 of 7

together, the Shareholders), owner of the apartment unit at issue, for common law and contractual indemnification, contribution, and failure to procure insurance.

The Building defendants, in MS 005, moves under CPLR 3212 for summary judgment dismissing plaintiff's claims, cross-claims, and counterclaims as against them, which plaintiff opposes. The Building defendants also seek an order granting their third-party claims for contractual defense and indemnification against the Shareholders, and for contractual defense against Renovations. The Shareholders move under CPLR 3212 in MS 003 for summary judgment against the Building defendants dismissing the third-party claims for contractual defense and contractual indemnification as against them; and Renovations also move under CPLR 3212 in MS 004 for summary judgment against the Building defendants dismissing the contractual defense claim.

## FACTS

The Shareholders purchased apartment 8B at 116 East 68th Street in April 2016. Before completely moving into the apartment, they wanted to renovate it; the renovation work started in January 2017 (MS 003 – NYSCEF # 189, Shareholders' mol at 1 – preliminary statement). It is undisputed that the Shareholders hired Renovations for the renovation job, and plaintiff worked for Renovations on this job (MS005 - NYSCEF # 147, Bldg defendants' Statement of Undisputed Facts ¶¶ 2,5).

On the date of plaintiff's accident, plaintiff, who was working under the instructions and supervision of his supervisor at Renovations, was standing on the building's service staircase and passing garbage bags of debris to a coworker up the stairs. The debris fell out of or tore through the plastic bags and plaintiff's foot slipped on the debris, which caused him to fall (*id.* ¶¶ 6-8). No staff member from the Building defendants were involved with taking the bags of debris up the service stairs (id. ¶ 9). No one from the Building defendants provided tools or equipment to plaintiff; and only Renovations gave plaintiff instructions (*id.* ¶¶ 11-12). Plaintiff slipped on a pebble size debris that fell out of the bag onto the stairs; his right foot had slipped off the step and landed down on the step below (*id.* ¶¶ 15-17).

As to the plastic garbage bags, according to Barbara Sloan, Renovations' Operations Manager, the bags are 30 gallons, contractor grade, black plastic garbage bags that Renovations provided (NYSCEF # 189, Sloan tr 12:2-4; 43:15-44:11). And as for the debris, Renovations instructed its workers to keep the work site clean and pick up any debris (*id.* at 48:22-49:12). At this work site, Renovations' workers worked with "Tommy," the building's porter, who complained about the debris (*id.* at 51:4-19). Sometimes, Renovations workers would borrow carts from the building to remove the debris, but they do not borrow any materials (*id.* at 53:14-18). The Shareholders neither supplied the garbage bags nor supervised removal of the debris (*id.* at 87:20-25).

**154028/2017  ZIOBRO, WITOLD vs. MILAN HOUSE INC.**
**Motion No.  003 004 005**

Page 2 of 7

[* 2]

Plaintiff describes the route that he used to remove debris from Apt. 8B on February 10, 2017, and the removal of the debris from the building and his injury (MS005 – NYSCEF # 246, pltf's opp at 6-16). Plaintiff's brief described the day as snowy and complained about the building's rules on use of the service elevator (*id.* ¶¶ 115-120), the service stairs being wet from the snow and foot traffic (*id.* ¶¶ 50-61), but ultimately "given the extent and pace of the work being performed, [p]laintiff believed that debris from the various bags caused him to fall" (*id.* ¶ 111). However, plaintiff argues that there are a "myriad questions of fact" about the working conditions in which he had to work that resulted in his injury (*id.* ¶ 131).

## DISCUSSION

All three motions seek summary judgment under CPLR 3212. On a motion for summary judgment, evidence presented must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co. LLC*, 153 AD3d 427, 428 [2017]). "It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

If the moving party makes this initial showing, the burden shifts to the opposing party to rebut the prima facie showing by producing evidentiary proof in admissible form sufficient to require a trial of material issues of fact (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010]). In the presence of a genuine issue of material fact, a motion for summary judgment must be denied (*see Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]; *Grossman v Amalgamated Haus. Corp.*, 298 AD2d 224, 226 [1st Dept 2002]).

### *Labor Law § 200*

Labor Law § 200 "is a codification of the common law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Singh v Black Diamonds LLC*, 24 AD3d 138, 139 [1st Dept 2005]). Liability under Labor Law § 200 may be based either upon (i) the means and method by which the work is performed or (ii) actual or constructive notice of a dangerous condition inherent in the premises (*see McLeod v Corp. of Presiding Bishop of Church of Jesus Christ of Latter Day Saints*, 41 AD3d 796, 797 [2d Dept 2007]; *see also Mendoza v Highpoint Assoc., IX, LLC*, 83 AD3d 1, 9 [1st Dept 2011]). A defendant has constructive notice of a hazardous condition on property "when the condition is visible and apparent and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (*Griffin v PMV Realty, LLC*, 181 AD3d 912, 913 [2d Dept 2020]).

**154028/2017  ZIOBRO, WITOLD vs. MILAN HOUSE INC.**
**Motion No.  003 004 005**

Page 3 of 7

3 of 7

[* 3]

Here, the Building defendants argue that they are not liable under Labor Law § 200 because they did not supervise plaintiff's work and they lacked actual or constructive notice of the alleged dangerous condition. Plaintiff claims that given the specific route he had to use to dispose of the bags of debris, the Building defendants failed to provide him with a reasonably safe workplace. However, the general working conditions, including the snowy weather, and the rules about using service elevators did not cause plaintiff's injuries; rather, what caused his injury was the debris that fell out of the construction garbage bag as he was passing it to his coworker. And the Building defendants did not control the way the debris removal was conducted. The Building defendants has made a prima facie showing that they are not liable under Labor Law § 200; plaintiff has not presented a genuine issue of fact. Thus, plaintiff's Labor Law § 200 is dismissed.

## *Labor Law § 240 (1)*

Labor Law § 240 (1) imposes an absolute and nondelegable duty on owners and contractors to provide certain safety devices, such as "scaffolding, hoists, stays, ladders" to protect a person performing labor work "in the erection, demolition, repairing, altering . . . of a building or structure" (Labor Law § 240 [1]). This statute "was designed to prevent those types of accidents in which . . . protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*John v Baharestani*, 281 AD2d 114, 118 [1st Dept 2001] [internal quotation and citation omitted]). Application of Labor Law § 240 (1) is limited to "specific gravity-related accidents [such] as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY2d 494, 500-501 [1993] [internal quotation and citation omitted]).

Here, plaintiff's accident occurred on a permanent staircase in which plaintiff's foot slipped down to the step below. While the accident involves a step in a staircase, it does not implicate the protections that the statute encompasses. In other words, Labor Law § 240 (1) does not apply unless the injury is "directly attributable to a risk posed by a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 605 [2009]). Slipping down one step in a permanent staircase does not involve a "physically significant elevation differential." Further, as the Building defendants point out, the permanent staircase is not a scaffold, ladder, hoist or other devices encompassed in the statute (NYSCEF # 148 at 5 citing *Lombardo v Park Tower Mgt, Ltd*, 76 AD3d 497 [1st Dept 2010] [finding that the three-foot permanent stairway was not a safety device or a temporary stairway to protect workers from an elevated risk under § 240 (1) and *Ryan v Morse Diesel, Inc.*, 98 AD2d 615 [1st Dept 1983] [stating that a permanent stairway used as a passageway is not under the purview of § 240 (1)]).

Plaintiff does not address his Labor Law § 240 (1) claim in his opposition. Plaintiff's Labor Law i§ 240 (1) claim is dismissed as inapplicable.

154028/2017  ZIOBRO, WITOLD vs. MILAN HOUSE INC.
Motion No.  003 004 005

Page 4 of 7

[* 4]

4 of 7

*Labor Law § 241 (6)*

Labor Law § 241 (6) imposes a nondelegable duty on owners and contractors to comply with specific safety rules which have been set forth in the Industrial Code (*see St. Louis v Town of N. Elba*, 16 NY3d 411, 413 [2011]). To demonstrate liability under Labor Law § 241 (6), "[t]he particular [Industrial Code] provision relied upon by a plaintiff must mandate compliance with concrete specifications and not simply declare general safety standards" (*Misicki v Caradonna*, 12 NY3d 511, 515 [2009]).

Although plaintiff lists a series of Industrial Code sections in his complaint, his opposition to the building defendants' motion brings up only sections 23-1.7[d], 23-1.7[e][1], and 23-1.7[e][2] pertaining to slippery conditions and tripping hazards in passageways and work areas. Plaintiff is deemed to have abandoned his claims under those Code sections not mentioned in his opposition.

Plaintiff argues that issues of fact concerning the hazardous condition in the area in which he worked, which was controlled by the Building defendants, forecloses summary judgment in the Building defendants' favor (NYSCEF # 246 – pltf's opp ¶¶ 136-139). Plaintiff claims that his accident was a result of a "combination of both debris and water on the service stairs" and questions "whether the presence of water augmented the condition debris to make them slicker and more susceptible to an accident" (*id.* ¶ 138). "[P]laintiff noted that he slipped and fell on a wet surface via contemporaneous medical records following the accident (*id.* ¶ 112 citing "Ex.2 at P.196").[1] And plaintiff never saw the building staff cleaning the snow or salting the area while he worked there (*id.* ¶ 113).

The Building defendants counter that when asked "what caused you to fall?" plaintiff testified "[t]he debris from the bag" (NYSCEF # 254 – Bldg deft's reply ¶ 10 quoting from NYSCEF # 157 - pltf's tr dated 5/23/22 at 160:16-18). A further question on whether plaintiff fell on something else also yielded a response from plaintiff that he fell on debris:

"Q. Did you slip on any water or moisture or snow or only on debris?

[There was an objection to form, and the question was withdrawn and rephrased.]

Q. Did you slip on anything else other than the debris that you just mentioned as far as you know?

A. I know debris. That there was debris falling out of the bags.

. . .

Q. Is that where you believe the debris tearing through and falling out of the bags as you were passing them up?

A. Yes.

---

[1] There is no Ex. 2 or such medical record accompanying plaintiff's opposition, and a review of all the submitted documents did not reveal Ex. 2.

**154028/2017 ZIOBRO, WITOLD vs. MILAN HOUSE INC.**      **Page 5 of 7**
**Motion No. 003 004 005**

Q. Is that where you believe the debris came from that you slipped on?

A. Yes."

(*see* Bldg deft's reply ¶ 9 quoting from NYSCEF # 156, pltf's tr dated 6/19/19 at 68:13-69:6). The Building defendants also point out that the medical record that noted plaintiff's claim of falling on a wet surface was not contemporaneous as plaintiff represents; it was made over four months after the accident (*id.* ¶ 15).

The Building defendants conclude that the debris on which plaintiff slipped fell out of the bag that he was passing to another worker. That debris was integral to the renovation job done at Apartment 8B. Further, citing *Ruisech v Structure Tone, Inc.* (208 AD3d 412 [1st Dept 2022]), the Building defendants argue that the debris, which plaintiff had described as the size of a pebble or smaller, is not the type of substance contemplated in § 23-1.7(d) of the Code (*id.* at 414 [dismissing Labor Law § 241(6) where the floor was not in a 'slippery condition' nor were the pebbles a 'foreign substance which may cause slippery footing' within the meaning of Industrial Code § 23-1.7(d)"])

As in *Ruisech*, there was no evidence that the step or stairs was wet from the snow, ice, or water accumulation. While the complaints appear in plaintiff's opposition papers, they were made by plaintiff's counsel and unsupported by any evidence. Plaintiff's own testimony made clear that neither snow nor rain caused or attributed to his fall. This wet condition raised in by counsel in plaintiff's opposition papers is not evidence. And while plaintiff's counsel makes much ado about the snow and icy conditions with no efforts to clear them by the building staff, plaintiff's own photograph of the stairway shows not even one snowflake (*see* NYSCEF # 249 – pltf's exh 10). The Building defendants has made a prima facie showing that they cannot be held liable under Labor Law § 241(6).

Plaintiff attempts to create an issue of fact. As to the 'contemporaneous' medical record noting the fall was due to a wet surface (even assuming it were true absent a review of the record as it cannot be located), this allegation raised by plaintiff's attorney in the opposition brief only shows a contradiction in plaintiff's own testimony. Plaintiff's own contradiction does not create a triable issue of fact. Thus, plaintiff's Labor Law § 241(6) claim is dismissed.

## CONCLUSION

In sum, the Building defendants have presented a prima facie case that they are not liable under Labor Law §§ 200, 240(1), and 241(6). Plaintiff has failed to raise a triable issue of fact. Accordingly, the Building defendants' motion for summary judgment against plaintiff is granted, and the complaint is dismissed.

With the dismissal of the complaint, the separate motions by the Shareholders (MS 003) and Renovations (MS 004) for summary judgment dismissing the third-party claims for indemnification, contribution, and failure to procure insurance are moot. The second third-party complaint, cross-claims and counterclaims are likewise dismissed.

**154028/2017  ZIOBRO, WITOLD vs. MILAN HOUSE INC.**
**Motion No.  003 004 005**

Page 6 of 7

[* 6]

6 of 7

Accordingly, it is

ORDERED that defendants Milan House Inc. and Brown Harris Stevens Residential Management LLC's motion for summary judgment dismissing plaintiffs Witold Ziobro and Magdalena Ziobro's complaint (MS 005) is granted; and it is further

ORDERED that the second third-party complaint by plaintiffs Milan House Inc. and Brown Harris Stevens Residential Management LLC against second third-party defendants Robert Hodges Hackney Jr., Shauna Holiman, and Manhattan Renovations, Inc. and all the cross-claims and counterclaims are dismissed; and it is further

ORDERED that the separate motions for summary judgment by second third-party defendants Robert Hodges Hackney Jr. and Shauna Holiman (MS 003) Manhattan Renovations (MS 004) are denied as moot; and it is further

ORDERED that counsel for defendants Milan House Inc. shall serve a copy of this Decision and Order, with notice of entry, to the Clerk of the Court and to all parties within 20 days with the date of this order.

This constitutes the Decision and Order of the court.

| 4/11/2025 | | | |
|---|---|---|---|
| DATE | | MARGARET A. CHAN, J.S.C. | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154028/2017 ZIOBRO, WITOLD vs. MILAN HOUSE INC.**
**Motion No. 003 004 005**

Page 7 of 7

7 of 7