Pacheco v Georgetown Eleventh Ave. Owners LLC (2025 NY Slip Op 05923)

Pacheco v Georgetown Eleventh Ave. Owners LLC

2025 NY Slip Op 05923

Decided on October 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 28, 2025

Before: Kern, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ. 

Index No. 157529/17|Appeal No. 5045|Case No. 2024-07332|

[*1]Jose Pacheco et al., Plaintiffs,
v
Georgetown Eleventh Avenue Owners LLC et al., Defendants. Georgetown Eleventh Avenue Owners, LLC, Third-Party Plaintiff,

Ropers Majeski PC, New York (Douglas H. Miller of counsel), for appellant.
Coffey Modica LLP, Tarrytown (Adam G. Greenberg of counsel), for Georgetown Eleventh Avenue Owners, LLC, respondent.
Law Offices of Kevin Westerman, Garden City (Christopher Hart of counsel), for Dooley Electric Company, Inc., respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered November 21, 2024, which, to the extent appealed from as limited by the briefs, denied fourth third-party defendant Cauldwell-Wingate Co. LLC's (Cauldwell) motion to dismiss fourth third-party plaintiff Georgetown Eleventh Avenue Owners LLC's (Georgetown) complaint against it, unanimously modified, on the law, the motion granted to the extent of dismissing Georgetown's third and fourth causes of action, for attorneys' fees and for breach of contract for failing to procure insurance, respectively, and otherwise affirmed, without costs.
The court properly denied Cauldwell's motion seeking to dismiss Georgetown's contractual indemnification cause of action based on the anti-subrogation rule. The record includes evidence that the parties' insurer intended to withdraw its agreement to provide a defense and indemnification and take steps to be relieved of its duty to provide a defense, through a separate legal action. Until the issue of coverage is determined, it would be premature to determine whether the anti-subrogation rule would bar the indemnification claim here (see Goya v Longwood Hous. Dev. Fund Co., Inc., 192 AD3d 581, 584 [1st Dept 2021]; Kielar v Metropolitan Museum of Art, 55 AD3d 456, 458-459 [1st Dept 2008]).
The court also properly denied Cauldwell's motion to the extent it sought dismissal of Georgetown's cause of action for common-law indemnification. Although Cauldwell presented some evidence that plaintiff may not have suffered a "grave injury" for purposes of Workers Compensation Law § 11, dismissal would have been premature since discovery on the issue of the extent of plaintiff's injury and medical condition was incomplete (see e.g. O'Flaherty v Columbo, 202 AD3d 509, 510 [1st Dept 2022]).
However, the court should have dismissed Georgetown's claim seeking attorneys' fees. To the extent Georgetown seeks fees incurred in defending the primary action, that cause of action is duplicative of the contractual indemnification cause of action. To the extent Georgetown seeks attorneys' fees for prosecuting its causes of action against Cauldwell, Georgetown's contract with Cauldwell did not include a fee-shifting provision and it has identified no statute under which it is entitled to attorneys' fees. Georgetown may not recover attorneys' fees in an affirmative action against Cauldwell to settle its insurance rights (see Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21 [1979]).
The court should have also dismissed Georgetown's contract cause of action for failure to procure insurance. Even assuming Georgetown has stated a cause of action, it would have accrued upon the failure to procure the coverage when the obligation to do so first attached (see Port Auth. of N.Y. & N.J. v Brickman Group Ltd., LLC, 181 AD3d 1, 11 [1st Dept 2019]; Wright v Emigrant Sav. Bank, 112 AD3d 401, 402 [1st Dept 2013]). In this case, that obligation to procure insurance attached upon execution of the contract in July 2016, making the cause of action untimely.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2025